UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK L. JUDE, JR. and MARIA JUDE,

       Plaintiffs,

    and                                       Case No. 06-C-1101

STATE OF WISCONSIN DEPARTMENT
OF JUSTICE, OFFICE OF CRIME VICTIM
COMPENSATION SERVICES and STATE
OF WISCONSIN, DEPARTMENT OF
HEALTH AND FAMILY SERVICES,

       Involuntary Plaintiffs,

    v.

CITY OF MILWAUKEE, a municipal
corporation, OFFICER ANDREW R.
SPENGLER, JON BARTLETT, OFFICER
DANIEL MASARIK, OFFICER RYAN
PACKARD, RYAN LEMKE, JON
CLAUSING, OFFICER JOSEPH SCHABEL
and MICHELLE BARTLETT,

       Defendants.

---

ANSWER, AFFIRMATIVE DEFENSES, AND
DEMAND FOR JURY TRIAL OF THE DEFENDANT CITY OF MILWAUKEE

---

    NOW COMES defendant, City of Milwaukee, by its attorney, Grant F. Langley, City
Attorney, by Assistant City Attorneys Susan E. Lappen and Miriam R. Horwitz, and as and for
an answer to plaintiffs' complaint, admits, denies, alleges and states to the court as follows:

## I. **INTRODUCTION**

    1.  The following is a synopsis of Plaintiffs' cause of action: This is a civil action under
the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §
1983, as well as State of Wisconsin statutory and common law, brought to redress the injuries

inflicted on the Plaintiff, Frank L. Jude, Jr., as a citizen of the United States and the State of Wisconsin, including on the basis of his race, by the Defendant, City of Milwaukee, the Defendant police officers and Defendant civilians when he was physically restrained, searched, beaten, and tortured by the Defendants who used extreme and excessive force, as well as by the Defendants and others who stood by and watched, without intervening to stop or prevent the injuries, when allegedly effectuating an unlawful arrest of the Plaintiff, Frank L. Jude, Jr., all in violation of the Plaintiff, Frank L. Jude, Jr.'s, rights secured by the Constitution of the United States and the State of Wisconsin statutes and common law.

**Answering paragraph 1**, denies that the defendant, City of Milwaukee, violated any constitutional or other right of plaintiff, as alleged or otherwise; denies that any individually-named defendants acted within the scope of their employment; upon information and belief, denies that any alleged injury was inflicted on the basis of Mr. Jude's race, as alleged or otherwise; denies that Mr. Jude was unlawfully arrested, as alleged or otherwise; asserts that whether or not this case "is a civil action under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, as well as State of Wisconsin statutory and common law" states legal conclusions, to which this answering defendant need not respond further; denies any remaining allegations.

## II. JURISDICTION AND VENUE JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, Section 1983 (42 U.S.C. § 1983). Jurisdiction of this court is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). This court also has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**Answering paragraph 2**, asserts that the allegations contained therein, relative to the jurisdiction of this court, call for legal conclusions, to which this answering defendant need not respond further; denies any remaining allegations.

## VENUE

3. The Eastern District of Wisconsin is a proper federal venue for this action because the Eastern District is a judicial district in the state in which the constitutional and civil rights violations of the Plaintiff, Frank L. Jude, Jr. are alleged to have been committed pursuant to 28U.S.C. § 1391(b).

**Answering paragraph 3**, asserts that the allegations contained therein, relative to the appropriateness of this venue, call for legal conclusions, to which this answering defendant need not respond further; denies any remaining allegations.

4. That the Plaintiff, Frank L. Jude, Jr., was and is an adult at all times material hereto, and was residing at his permanent address in the County of Winnebago, State of Wisconsin, and at all times material hereto, was and is married to the Plaintiff, Maria Jude.

2

**Answering paragraph 4**, admits that at all times material to the subject matter of this litigation, the plaintiff, Frank L. Jude, Jr., was an adult; as to any remaining allegations, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

5. That the Plaintiff, Maria Jude, was and is an adult at all times material hereto, and was and is residing in the County of Winnebago, State of Wisconsin, and at all times material hereto, was and is married to the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 5**, admits that the plaintiff, Maria Jude, was and is an adult at all times material to this litigation; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

6. That the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, is a governmental agency, whose principal offices are located at 17 West Main Street, City of Madison, County of Dane, State of Wisconsin. That upon information and belief, at all times material herein, said Involuntary Plaintiff claims to have made payments for medical care, lost wages, and other losses incurred on behalf of the Plaintiff, Frank L. Jude, Jr., pursuant to the State of Wisconsin Crime Victim Compensation Program, and that by reason of the intentional and negligent acts of the Defendants, and pursuant to § 949.15, Wisconsin Statutes, and Fed R. Civ. P. 19(a), the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, is a proper party Involuntary Plaintiff herein.

**Answering paragraph 6**, denies that defendant, City of Milwaukee, engaged in any negligent or intentional act which injured Mr. Judge, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

7. That the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, is a governmental agency, whose principal offices are located at One West Wilson Street, City of Madison, County of Dane, State of Wisconsin. That, upon information and belief, at all times material herein, said Involuntary Plaintiff claims to have made payments for medical care incurred on behalf of the Plaintiff, Frank L. Jude, Jr., pursuant to the State of Wisconsin Medical Assistance Program, and that by reason of the negligence of the Defendants, and pursuant to § 49.89, Wisconsin Statutes, and Fed. R. Civ. P. 19(a), the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, is a proper party Involuntary Plaintiff herein.

**Answering paragraph 7**, denies that defendant, City of Milwaukee, engaged in any negligent or intentional act which injured Mr. Judge, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

8. That the Defendant, City of Milwaukee, was at all times material hereto, a municipal corporation, organized and existing under the laws of the State of Wisconsin, whose principal

3

offices are located at 200 East Wells Street, City and County of Milwaukee, State of Wisconsin, 53202.

**Answering paragraph 8**, admits that at all times material, the City of Milwaukee was and is a municipal corporation, organized and existing under the laws of the State of Wisconsin, with principal offices located at 200 E. Wells Street, in the City and County of Milwaukee, and the State of Wisconsin, with a mailing zip code of 53202.

9. That the Defendant, Andrew R Spengler, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 9**, admits that defendant, Andrew R. Spengler, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Spengler was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

10. That the Defendant, Jon Bartlett, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 10**, admits that defendant, Jon Bartlett, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Bartlett was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department; admits that Mr. Bartlett is no longer an employee of the City of Milwaukee Police Department.

11. That the Defendant, Daniel Masarik, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 11**, admits that defendant, Daniel Masarik, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Masarik was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

12. That the Defendant, Ryan Packard, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 12**, admits that defendant, Ryan Packard, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Packard was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

13. That the Defendant, Ryan Lemke, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 13**, admits that defendant, Ryan Lemke, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Lemke was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department; admits that Mr. Lemke is no longer an employee of the City of Milwaukee Police Department.

14. That the Defendant, Jon Clausing, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

**Answering paragraph 14**, admits that defendant, Jon Clausing, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Clausing was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department; admits that Mr. Clausing is no longer an employee of the City of Milwaukee Police Department.

15. That the Defendant Joseph Schabel, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

5

**Answering paragraph 15**, admits that defendant, Joseph Schabel, at all times material hereto, including October 24, 2004, was an adult resident of the City of Milwaukee and was employed by the City of Milwaukee as a police officer; denies that at any time material to the subject matter of this litigation, Mr. Schabel was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

16.   That the Defendant, Michelle Bartlett, at all times material hereto, was an adult resident of the City of Milwaukee and formerly employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department prior to October 24, 2004, and was and is married to the Defendant, Jon Bartlett.

**Answering paragraph 16**, upon information and belief, admits that the defendant, Michelle Bartlett, was at all times material hereto, including October 24, 2004, an adult resident of the City of Milwaukee, and that Ms. Bartlett was formerly employed by the City of Milwaukee as a police officer for the City of Milwaukee Police Department, and that her employment with the City of Milwaukee ended prior to October 24, 2004; upon information and belief, admits that Ms. Bartlett was and is married to defendant Jon Bartlett.

17.   That the Plaintiff, Frank L. Jude, Jr., is an African-American male.

**Answering paragraph 17**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

18.   That the Plaintiff, Frank L. Jude, Jr., is and was, at all times material hereto, the father of two children, the husband of the Plaintiff, Maria Jude, and he was employed working two jobs to support his family and himself on October 24, 2004.

**Answering paragraph 18**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

19.   That, upon information and belief, the Defendant police officers, Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, and Joseph Schabel, are Caucasian males, and the Defendant, Michelle Bartlett, is a Caucasian female.

**Answering paragraph 19**, denies that any of the individually-named defendants were acting as police officers, relative to any events regarding the subject matter of this case; upon information and belief, admits that all individually-named defendants are Caucasian; admits that all individually named defendants, except Michelle Bartlett, are male; admits that defendant Michelle Bartlett is female.

20.   That on October 24, 2004, at approximately 2:30 a.m., the Plaintiff, Frank L. Jude, Jr., was invited to and attended a party located at 2887 South Ellen Street, City and County of Milwaukee, State of Wisconsin, along with an African-American male friend, Lovell Harris, and two Caucasian women acquaintances, Kirsten Antonissen and Katie Brown.

6

**Answering paragraph 20**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

21. That most of the party attendees, although unknown at the time, have now been identified as City of Milwaukee Police Department police officers, including, but not limited to, the Defendants, Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, and Jon Clausing, and non-Defendants, Bradley Blum, Joseph Stromei, Michelle Grutza and Jodi Kamermayer, along with civilians, including, but not limited to, the Defendant, Michelle Bartlett.

**Answering paragraph 21**, denies that any individual who attended the subject party, was acting as a City of Milwaukee Police Department police officer; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

22. That, upon information and belief, most of the party attendees consumed alcoholic beverages at the party, and many of the Defendants drank significant amounts of alcohol at the party, prior to the time that the Plaintiff, Frank L. Jude, Jr., and the three others arrived at the party.

**Answering paragraph 22**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

23. That the Plaintiff, Frank L. Jude, Jr., drove his automobile to the party, accompanied by Lovell Harris, while Kirsten Antonissen drove her pick-up truck to the party, accompanied by Katie Brown.

**Answering paragraph 23**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

24. That after meeting outside the party residence, owned by the Defendant, Andrew Spengler, the Plaintiff, Frank L. Jude, Jr., and the three others entered the residence.

**Answering paragraph 24**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

25. That after attending the party for only a few minutes and because he felt uncomfortable, the Plaintiff, Frank L. Jude, Jr., suggested to Mr. Harris, Ms. Antonissen, and Ms. Brown that they leave the party.

**Answering paragraph 25**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

26. That the Plaintiff, Frank L. Jude, Jr., and the three others left out the front door of the party residence, went down the front exterior porch stairs, crossed the street, and entered the closest of the two vehicles, Kirsten Antonissen's pick-up truck, preparing to leave.

**Answering paragraph 26**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

27. That immediately after the Plaintiff, Frank L. Jude, Jr., and the three others left the party and entered the pickup truck to leave, a number of the Defendant party attendees came out from the party residence, surrounded the pick-up truck, and prevented it from leaving.

**Answering paragraph 27**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

28. That the Defendant party attendees verbally identified themselves as police officers, accused the Plaintiff, Frank L. Jude, Jr. of stealing a police badge and other personal effects from inside the party residence, and ordered all of them to exit the pick-up truck, or they would be arrested.

**Answering paragraph 28**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

29. That, upon information and belief, following the order to exit the pick-up truck, some of the Defendant City of Milwaukee Police Department police officers who surrounded the pick-up truck intentionally caused damage to the pick-up truck, assumingly in order to scare the driver and passengers and to get their attention as to the seriousness of their order and threat to exit the vehicle.

**Answering paragraph 29**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

30. That the driver, Antonissen, and the passenger, Brown, thereafter exited the pick-up truck, and at that time both the Plaintiff, Frank L. Jude, Jr., and Harris, were forcibly removed from the vehicle by some of the Defendant City of Milwaukee Police Department police officers.

**Answering paragraph 30**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

31. That the Plaintiff, Frank L. Jude, Jr., and his friend, Harris, were separated and moved to different sides of the Antonissen pick-up truck, with the Plaintiff, Frank L. Jude, Jr., being placed on the driver side of the vehicle, and Harris being placed on the passenger side of

the vehicle.

**Answering paragraph 31**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

32. That following being removed from the vehicle, the Plaintiff, Frank L. Jude, Jr., was slapped by the Defendant, Michelle Bartlett, his body was patted down in a search, the Antonissen pick-up truck was searched, he was repeatedly accused of stealing a police badge, and then some of the Defendant City of Milwaukee Police Department police officers began to physically grab the Plaintiff, Frank L. Jude, Jr., eventually throwing him to the ground.

**Answering paragraph 32**, denies that any individually named defendant, or any attendee of the party, was acting within the scope of employment as a City of Milwaukee police officer, or as an employee of the City of Milwaukee; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations contained therein, and therefore denies the same.

33. That Kirsten Antonissen and Katie Brown used their cell phones to call 9-1-1 and spoke to City of Milwaukee Police Department Communications Department dispatch personnel to report the incident that was occurring with them and the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 33**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

34. That after being thrown to the ground, the Plaintiff, Frank L. Jude, Jr., was threatened by some of the Defendant City of Milwaukee Police Department police officers with a knife and a gun, had most of his clothes cut or torn off his body, and was repeatedly punched and kicked in the head, face, and body, while, upon information and belief, other City of Milwaukee Police Department police officers watched, without intervening to stop or prevent the injuries or call for uniformed police officers or medical attention for the Plaintiff, Frank L. Jude, Jr., despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

**Answering paragraph 34**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

35. That the beating of the Plaintiff, Frank L. Jude, Jr., continued despite the fact that no police badge or police officer's personal effects were found on him, and despite the fact that he had not committed any crime, nor was he being aggressive, threatening or abusive to the Defendant City of Milwaukee Police Department police officer assailants or anyone else.

**Answering paragraph 35**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an

employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

36. That eventually uniformed City of Milwaukee Police Department police officers arrived at the scene, including Nicole Belmore (f/k/a Martinez), Police Officer Defendant, Joseph Schabel, Police Officer Jeremy Gonzalez, Police Officer Fawn Gabrielson, Police Officer Patrick Pajot, Police Officer Alejandro Arce, and Police Officer Corstan Court, and at least one of the uniformed City of Milwaukee Police Department police officers, the Defendant, Joseph Schabel, assisted in handcuffing the Plaintiff, Frank L. Jude, Jr., and participated in his beating, by kicking him in the head, while other Defendant City of Milwaukee Police Department police officers pulled the Plaintiff, Frank L. Jude, Jr.'s, jacket over his head and then cut it off, tortured him by jamming a pen into both of his ears, and repeatedly punched and kicked him in his head, face, and body, even after he was handcuffed and lying face down on the ground; and that other City of Milwaukee Police Department police officers, upon information and belief, watched, without intervening to stop or prevent the injuries or call for other uniformed police officers or medical attention for the Plaintiff, Frank L. Jude, Jr., despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

**Answering paragraph 36**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

37. That during the time that much of the beating and torture of the Plaintiff, Frank L. Jude, Jr., was taking place, Kirsten Antonissen was speaking on her cell phone with the City of Milwaukee Police Department Communications Department dispatch personnel and was contemporaneously describing the beating, torture and actions of the Defendant City of Milwaukee Police Department police officers, which she was observing.

**Answering paragraph 37**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

38. That in the time period between approximately 2:45 a.m. and 3:30 a.m., while outside the residence located at 2887 South Ellen Street, City and County of Milwaukee, State of Wisconsin, the Plaintiff, Frank L. Jude, Jr., was unlawfully and physically restrained, searched, beaten, and tortured, while others, upon information and belief, stood by and watched, without intervening to stop or prevent the injuries or to call for uniformed police officers or medical assistance, by the above-named Defendants, including, but not limited to Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, and Joseph Schabel. That during the above-described incident, said Defendants were acting under color of law.

**Answering paragraph 38**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment or under color of law; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

39.    That effectuating an arrest and investigating an alleged theft are usual and reoccurring situations with which the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, must perform on a regular basis.

**Answering paragraph 39**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

40.   That, upon information and belief, during the incident described above, the Plaintiff, Frank L. Jude, Jr., was called racial epithets by some of the above-named City of Milwaukee Police Department police officer Defendants, and the word "nigger" was yelled at him by some of the police officer Defendants involved.

**Answering paragraph 40**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

41.   That, upon information and belief, during the time and subsequent to the time of the beating of the Plaintiff, Frank L. Jude, Jr., some of the above-named City of Milwaukee Police Department police officer Defendants vandalized the Plaintiff, Frank L. Jude, Jr.'s, automobile, and also vandalized and damaged much of its contents, resulting in property damages exceeding the amount of $3,500.00.

**Answering paragraph 41**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

42.   That only after additional uniformed police officers of the City of Milwaukee Police Department arrived, was the Plaintiff, Frank L. Jude, Jr., finally taken from the scene to a hospital to obtain emergency medical treatment, however, even then not by an ambulance, but instead by way of a City of Milwaukee Police Department conveyance vehicle in a manner contrary to City of Milwaukee Police Department rules, regulations and policies.

**Answering paragraph 42**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

43.   That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and the Defendant, Michelle Bartlett, engaged in concerted action in pursuit of a common scheme or plan to deprive the Plaintiff, Frank L. Jude, Jr., of his constitutional and civil rights, including on the basis of his race, resulting in the injuries and damages which he sustained, as further described below.

**Answering paragraph 43**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

44.   That as a direct result of the unlawful actions by the above-indicated Defendant police officers of the City of Milwaukee Police Department, and Defendant, Michelle Bartlett, and during the time that the Plaintiff, Frank L. Jude, Jr., was being physically restrained, searched, beaten and tortured, he sustained severe personal injuries to his body, including but not limited to, a head concussion; temporary loss of consciousness; multiple displaced fractures to his nasal bones, with active bleeding, and resulting in reconstructive surgery and on-going treatment; a fractured left maxillary sinus; traumatic subconjunctival hemorrhage to his left eye, with active bleeding; traumatic left eyelid abrasion and laceration; left eye periorbital edema; vision difficulties; lacerations, with active bleeding, to both ear canals; temporary decreased hearing; severe traumatic contusions to his face, jaw, and mouth; strains, a fracture, and injuries to two fingers and knuckles of his left hand; multiple abrasions to his head, face, nose, eyes, neck, shoulders, arms, wrists, back, and legs; urinary difficulties; nausea; vomiting; problems breathing; and sleeping disturbances; and he has suffered the past and future medical expenses for the treatment of his physical injuries; he has suffered past and future lost wages; he has suffered past and future pain, suffering and disability; he has sustained damages to his automobile and its contents; and he has sustained the loss of other personal belongings and money which was on his person.

**Answering paragraph 44**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

45.   That as a direct result of the unlawful actions by the above-indicated Defendant police officers of the City of Milwaukee Police Department, and the Defendant, Michelle Bartlett, the Plaintiff, Maria Jude, has suffered injuries and damages, including but not limited to the past and future medical expenses incurred by her for the medical treatment of the Plaintiff,

Frank L. Jude, Jr., her husband; she has suffered the past and future loss of love, society, companionship, services and earnings of the Plaintiff, Frank L. Jude, Jr., her husband; and she has sustained the damages to their automobile and its contents.

**Answering paragraph 45**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

## V. FEDERAL CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983

46. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

**Answering paragraph 46**, reasserts as if fully restated herein the above answering paragraphs.

47. That at all relevant times herein, the Defendant, City of Milwaukee, was a "person" for the purposes of 42 U.S.C. § 1983. That at all relevant times herein, the Defendants, City of Milwaukee Police Department police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, were "persons" for purposes of 42 U.S.C. § 1983, and acted under color of law to deprive the Plaintiff, Frank L. Jude, Jr., of his constitutional and civil rights.

**Answering paragraph 47**, admits that the City of Milwaukee is a "person" for purposes of 42 U.S.C. § 1983; denies that at any relevant time defendants Spengler, Jon Bartlett, Masarik, Packard, Lemke, Clausing, or Schabel were "persons" for purposes of 42 U.S.C. § 1983; denies that at any relevant time Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel acted under color of law to deprive Mr. Jude of his constitutional and civil rights; denies any remaining allegations.

48. That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing and Schabel, used unnecessary and excessive force on the Plaintiff, Frank L. Jude, Jr., when they unlawfully restrained, searched, beat and tortured him, and without reasonable suspicion they unlawfully attempted to effectuate his arrest.

**Answering paragraph 48**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

49. That during the above-mentioned attempted unlawful arrest, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing and

Schabel, physically restrained, searched, beat, and tortured the Plaintiff, Frank L. Jude, Jr., upon information and belief, by use of punches, kicks, and the use of a knife, a gun, and a pen, causing him severe personal injury.

**Answering paragraph 49**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

50. That at all relevant times herein, when the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing and Schabel, used unnecessary and excessive force on the Plaintiff, Frank L. Jude, Jr., he did not resist the attempted unlawful arrest, he did not display any use of force, and he did not present a threat to the Defendants or any other persons.

**Answering paragraph 50**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

51. That the conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing and Schabel, individually and in the aggregate, constituted the use of excessive force, without cause or justification, in violation of the Plaintiff, Frank L. Jude, Jr.'s, Fourth Amendment Rights as incorporated by the Fourteenth Amendment, and denied him his due process and equal protection rights.

**Answering paragraph 51**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

52. That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, as well as others, stood by and watched, without intervening to stop or prevent the injuries to the Plaintiff, Frank L. Jude, Jr., or to call for on-duty police officers or medical assistance, despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

**Answering paragraph 52**, denies that any individually-named defendant, or any other alleged attendee of the party, was acting as a City of Milwaukee police officer, or as an employee of the City of Milwaukee, within their scope of employment; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

53. That at all relevant times herein, the Defendants, police officers Spengler, Bartlett,

Masarik, Packard, Lemke, Clausing, and Schabel, were police officers employed by the Defendant, City of Milwaukee, for the City of Milwaukee Police Department, and acted under color of the laws, statutes, regulations, customs, ordinances, policies and usage of the State of Wisconsin, the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and were acting within the scope of their employment.

**Answering paragraph 53**, admits that as of October 24, 2004, Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing and Mr. Schabel were employed by the City of Milwaukee as members of its Police Department; denies that defendants acted under color of the laws, statutes, regulations, customs, ordinances, policies and uses of the State of Wisconsin, the City of Milwaukee or the City of Milwaukee Police Department; denies that said defendants were acting within the scope of their employment; denies any remaining allegations.

54. That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, constituted a violation and deprivation of the fundamental due process and equal protection rights of the Plaintiff, Frank L. Jude, Jr., as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and said actions were also taken toward Plaintiff, Frank L. Jude Jr., on the basis of his race.

**Answering paragraph 54**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, with reference to any of the relevant events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

55. That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel was a direct and proximate cause of the injuries and damages to the Plaintiffs, Frank L. Jude Jr. and Maria Jude, as set forth in this complaint.

**Answering paragraph 55**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, with reference to any of the relevant events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

56. That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, was also unlawful, extreme, malicious, outrageous and/or intentional.

**Answering paragraph 56**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, with reference to any of the relevant events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

57. That the above-mentioned conduct was intended to cause the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, severe personal injuries and damages, and such conduct was a cause of the personal injuries and damages sustained by the Plaintiffs, Frank L. Jude, Jr. and Maria Jude.

**Answering paragraph 57**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, with reference to any of the relevant events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

58. That at all relevant times herein, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, also acted with an evil motive or intent, acted maliciously, and/or with reckless disregard, and/or with deliberate indifference, and/or with a reckless or callous indifference towards the Plaintiff, Frank L. Jude, Jr., or in an intentional disregard of his civil rights, such as to subject the Defendants to punitive damages.

**Answering paragraph 58**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, with reference to any of the relevant events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations contained therein, and therefore denies the same.

59. That the Defendant, City of Milwaukee, is liable pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against the individual police officer employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the above-mentioned acts.

**Answering paragraph 59**, denies that the defendant, City of Milwaukee, is liable pursuant to Wis. Stats. § 895.46, for payment of any judgment entered against Michelle Bartlett, as she was not an employee of the City relative to the subject events; denies any such liability regarding the remaining individually-named defendants in this action, because said defendants were not acting within the scope of their employment with regard to any of the subject events; denies any remaining allegations.

## SECOND CLAIM FOR RELIEF: MONELL LIABILITY

### *Failure to Train, Discipline and Supervise*

60. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

**Answering paragraph 60**, reasserts as if fully restated herein the above answering paragraphs.

61. That the above-mentioned acts of the Defendants, Andrew Spengler, Jon Bartlett,

Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, and Joseph Schabel, including the use of unnecessary and excessive force on Plaintiff, Frank L. Jude, Jr., occurred as a direct result of a failure on the part of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officers and employees.

**Answering paragraph 61**, denies that defendants Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing or Joseph Schabel were acting within the scope of their employment, with reference to any of the alleged events; denies that any of the alleged events occurred as the direct result of a failure on the part of the defendant, City of Milwaukee, through the City of Milwaukee Police Department, to adequately train, discipline or supervise its police officers or employees, as alleged or otherwise; denies any remaining allegations.

62.  That the above-mentioned inadequate training program constituted an official policy of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department.

**Answering paragraph 62**, denies that paragraphs 1-61 of the complaint mention or describe any "inadequate training program," as alleged or otherwise; denies that defendant, City of Milwaukee, through its Police Department, ratified any unlawful policy, as alleged or otherwise; denies any remaining allegations.

63.  That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing and Schabel, exceeded constitutional limitations on the use of force when attempting to effectuate an unlawful arrest of the Plaintiff, Frank L. Jude, Jr., and such actions resulted in a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 63**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting in the scope of their employment, with reference to any of the alleged events, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

64.  That effectuating an arrest is a usual and reoccurring situation with which the Defendants, police officers Spengler, Barlett, Masarik, Packard, Lemke, Clausing and Schabel, must deal with on a regular basis.

**Answering paragraph 64**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

65.  That the failure of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officer employees demonstrates a deliberate indifference on the part of the Defendant, City of Milwaukee, and its policymakers, as to whether the failure to adequately train, discipline and supervise its police officers employees would result in a violation of the constitutional and civil rights of persons, including the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 65**, denies that the City of Milwaukee, through its Police Department, failed or fails to adequately train, discipline or supervise its police officer employees, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, was deliberately indifferent to the rights of any citizens, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, or through any employee of the City of Milwaukee, violated the constitutional or civil rights of Mr. Jude, as alleged or otherwise; denies any remaining allegations.

66. That the above-mentioned failure to adequately train, discipline and supervise its police officer employees was a direct and proximate cause of a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 66**, denies that the City of Milwaukee, through its Police Department, failed or fails to adequately train, discipline or supervise its police officer employees, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, was deliberately indifferent to the rights of any citizens, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, or through any employee of the City of Milwaukee, violated the constitutional or civil rights of Mr. Jude, as alleged or otherwise; denies any remaining allegations.

67. That the above-mentioned failure to adequately train, discipline and supervise its police officer employees, and the acts and omissions of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, by its policymakers, was a direct and proximate cause of the injuries and damages to the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, as set forth in this complaint.

**Answering paragraph 67**, denies that the City of Milwaukee, through its Police Department, failed or fails to adequately train, discipline or supervise its police officer employees, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, was deliberately indifferent to the rights of any citizens, as alleged or otherwise; denies that the City of Milwaukee, through its Police Department, or through any employee of the City of Milwaukee, violated the constitutional or civil rights of Mr. Jude, as alleged or otherwise; denies any remaining allegations.

### *Deficient Hiring Practice and Policy*

68. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

**Answering paragraph 68**, realleges as if fully restated herein the above answering paragraphs.

69. That the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, made a conscious decision to adopt its hiring practice and policy.

**Answering paragraph 69**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

70. That the above-mentioned hiring practice and policy, which did not include administration of adequate psychological testing or background checks on police officer applicants, permitted the hiring of certain police officer applicants even though an adequate scrutiny of said police officer applicants' psychological status and background would lead an objectively reasonable policymaker to conclude that said police officer applicants, if hired, would likely deprive a third party of constitutional and civil rights.

**Answering paragraph 70**, asserts that paragraphs 1-69 of the complaint do not adequately "mention" or describe the noted practice or policy; denies that any hiring practice or policy of the City of Milwaukee, via the Milwaukee Police Department, was deliberately indifferent to the rights of the citizens of the City of Milwaukee, as alleged or otherwise; denies any remaining allegations.

71. That for the reasons listed above, the hiring practice and policy of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department was deficient.

**Answering paragraph 71**, denies that any hiring practice or policy of defendant, City of Milwaukee, via the City of Milwaukee Police Department, was deficient, as alleged or otherwise.

72. That the above-mentioned deficient hiring practice and policy was a direct and proximate cause of a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 72**, asserts that paragraphs 1-69 of the complaint do not adequately "mention" or describe the noted practice or policy; denies that any hiring practice or policy of the City of Milwaukee, via the Milwaukee Police Department, was deliberately indifferent to the rights of the citizens of the City of Milwaukee, as alleged or otherwise; denies any remaining allegations.

73. That the above-mentioned deficient hiring practice and policy and the acts and omissions of the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, was a direct and proximate cause of the injuries and damages to the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, as set forth in this complaint.

**Answering paragraph 73**, asserts that paragraphs 1-69 of the complaint do not adequately "mention" or describe the noted practice or policy; denies that any hiring practice or policy of the City of Milwaukee, via the Milwaukee Police Department, was deliberately indifferent to the rights of the citizens of the City of Milwaukee, as alleged or otherwise; denies any remaining allegations.

## Policies and Customs

74. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

**Answering paragraph 74**, realleges as if fully restated herein the above answering paragraphs.

75. That the acts of the Defendants, police officers Spengler, Barlett, Masarik, Packard, Lemke, Clausing and Schabel, including the use of unnecessary and excessive force on Plaintiff, Frank L. Jude, Jr., was done in accordance with the Defendant, City of Milwaukee, and the City of Milwaukee Police Department's de facto policy, regulation, decision or custom condoning excessive force and/or violating person's constitutional and civil rights when effectuating and executing arrests. That these de facto policies were officially adopted, expressly or implicitly, and promulgated or practiced by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and as such constitute a de facto governmental custom for the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, even though such custom may not have received written formal approval by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and even though such de facto policies were inconsistent with or violated other written policies.

**Answering paragraph 75**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; denies that the City of Milwaukee, via the Milwaukee Police Department, maintained any unlawful policy, regulation, decision or custom, as alleged or otherwise; denies that any policies, practices or procedures of the City of Milwaukee was unlawful, as alleged or otherwise; denies any remaining allegations.

76. That this official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil rights permitted, encouraged, tolerated or ratified the actions of the Defendants, police officers Spengler, Barlett, Masarik, Packard, Lemke, Clausing and Schabel, all in malicious or reckless disregard or with deliberate indifference regarding the constitutional and civil rights of Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 76**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; denies that the City of Milwaukee, via the Milwaukee Police Department, maintained any unlawful policy, regulation, decision or custom, as alleged or otherwise; denies that any policies, practices or procedures of the City of Milwaukee was unlawful, as alleged or otherwise; denies that the City of Milwaukee permitted, encouraged, tolerated, or ratified any unlawful conduct, as alleged or otherwise; denies any remaining allegations.

77. That the above-mentioned official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil rights arose or was allowed to continue as a result of, among other things, the following acts and omissions of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department and its Policymakers: failing to adequately train, supervise and control its police officers; failing to adequately punish and discipline prior instances of similar conduct by its police officers; failing to have sufficient policies and practices in existence to adequately deal with the understanding and actions of off-duty police officers when acting within the scope of their employment and

under color of law as police officers; failing to adequately and fully investigate and gather sufficient evidence at the scene of police officer-involved incidents to allow for a determination of those police officers involved being identified and potentially disciplined or criminally prosecuted; allowing a police force atmosphere that promotes cavalier attitudes in conduct, and leading to a belief that police actions will never be scrutinized and/or prosecuted; and encouraging "misplaced loyalties" and a "code of silence" among police officers in refusing to cooperate with officials investigating unlawful actions by police officers.

**Answering paragraph 77**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment or under color of law, as alleged or otherwise; denies that the City of Milwaukee, via the Milwaukee Police Department, maintained any unlawful policy, regulation, decision or custom, as alleged or otherwise; denies that any policies, practices or procedures of the City of Milwaukee was unlawful, as alleged or otherwise; denies any remaining allegations.

78.    That the "wide-spread practice" of cavalier attitudes in conduct; encouraging, permitting, and failing to take genuine or adequate measures to prevent repeated instances of excessive force when effectuating an arrest; and encouragement of a "code of silence;" constituted a custom or usage that, although not officially authorized, reflected practices which were so well settled that they virtually constituted official policy.

**Answering paragraph 78**, denies that the City of Milwaukee, via its Police Department, encouraged any "cavalier attitudes in conduct" or "code of silence," as alleged or otherwise; denies that the City of Milwaukee failed to train or supervise its police officers, with reference to the use of force, as alleged or otherwise; denies any remaining allegations.

79.    That the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department had actual and/or constructive knowledge of the existence of each and every one of the above-mentioned policies and customs and had a deliberate indifference as to whether said policies and customs would continue.

**Answering paragraph 79**, denies that the City of Milwaukee, via its Police Department, maintained any unlawful policies or customs, as alleged or otherwise; denies that the City of Milwaukee was deliberately indifferent to the citizens of the City of Milwaukee, with reference to any of its policies and customs, as alleged or otherwise; denies any remaining allegations.

80.    That each and every one of the above-mentioned policies and customs were a direct and proximate cause of a violation of the constitutional and civil rights of Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 80**, denies that any policy or custom of the City of Milwaukee was a direct or proximate cause of any alleged violation of the constitutional or civil rights of the plaintiff, as alleged or otherwise; denies any remaining allegations.

81.    That the above-mentioned policies and customs, as well as the acts and omissions of the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police

Department was a direct and proximate cause of the injuries and damages to the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, as set forth in this complaint.

**Answering paragraph 81**, denies that any policy or custom of the City of Milwaukee was a direct or proximate cause of any alleged violation of the constitutional or civil rights of the plaintiffs, as alleged or otherwise; denies any remaining allegations.

## VI. STATE LAW CLAIMS FOR RELIEF

## <u>THIRD CLAIM FOR RELIEF: ASSAULT AND BATTERY</u>

82.  Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

**Answering paragraph 82**, realleges as it fully restated herein the above answering paragraphs.

83.  That Plaintiffs timely filed and served a Notice of Injury and a Notice of Claim, pursuant to Wis. Stat. § 893.80, with the Defendant, City of Milwaukee. That the Notice of Claim was deemed denied by operation of law after allowing 120 days to elapse without receiving a formal and express disallowance of the Claim. That the referred to Notice of Claim, dated and served on June 19, 2006, is attached hereto and incorporated by reference.

**Answering paragraph 83**, asserts that the allegations contained therein call for legal conclusions, to which this answering defendant need not respond further.

84.  That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant, Michelle Bartlett, intended to inflict bodily contact and to do physical harm to Plaintiff, Frank L. Jude, Jr., and to put him in fear of imminent physical harm.

**Answering paragraph 84**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

85.  That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabcl, and Defendant Michelle Bartlett, attempted to do harm to Plaintiff, Frank L. Jude, Jr., and had the apparent present ability to inflict bodily contact, to do harm to him, and to put him in fear of imminent physical harm.

**Answering paragraph 85**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

86. That the Plaintiff, Frank L. Jude, Jr., was in fear of imminent physical harm as a result of the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant Michelle Bartlett.

**Answering paragraph 86**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

87. That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant, Michelle Bartlett, used excessive force and caused offensive bodily contact and bodily harm to Plaintiff, Frank L. Jude, Jr., in an angry, revengeful, rude, or insolent manner, including on the basis of his race, and said Defendants had an awareness that their conduct was practically certain to cause bodily harm to Plaintiff, Frank L. Jude, Jr.

**Answering paragraph 87**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

88. That Plaintiff, Frank L. Jude, Jr., did not consent to have bodily contact and harm done to him.

**Answering paragraph 88**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

89. That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant, Michelle Bartlett, was a direct and proximate cause of the injuries and damages to the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, as set forth in this complaint.

**Answering paragraph 89**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

90. That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant, Michelle Bartlett, was also unlawful, extreme, malicious, outrageous and/or intentional.

**Answering paragraph 90**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

91. That the above-mentioned actions and conduct were done with a purpose to disregard the rights of the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, and the above-named Defendants were aware that their acts were substantially certain to result in and caused the severe personal injuries, damages, and the disregard of the rights of the Plaintiffs, Frank L. Jude, Jr. and Maria Jude.

**Answering paragraph 91**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

92. That at all relevant times herein, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, and Schabel, and Defendant, Michelle Bartlett, also acted maliciously, and/or with reckless disregard, and/or with deliberate indifference towards the Plaintiff, Frank L. Jude, Jr., or in an intentional disregard of his rights, such as to subject the Defendants to punitive damages.

**Answering paragraph 92**, denies that Mr. Spengler, Mr. Bartlett, Mr. Masarik, Mr. Packard, Mr. Lemke, Mr. Clausing or Mr. Schabel were acting within the scope of their employment, as alleged or otherwise; lacks information and knowledge necessary to form a belief as to the truth or falsity of any remaining allegations, and therefore denies the same.

93. That the Defendant, City of Milwaukee, is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual police officer employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the above-mentioned acts.

**Answering paragraph 93**, denies that the defendant, City of Milwaukee, is liable pursuant to Wis. Stats. § 895.46, for payment of any judgment entered against Michelle Bartlett, as she was not an employee of the City relative to the subject events; denies any such liability regarding the remaining individually-named defendants in this action, because said defendants were not acting within the scope of their employment, with regard to any of the subject events; denies any remaining allegations.

### CLAIM OF THE INVOLUNTARY PLAINTIFF, STATE OF WISCONSIN DEPARTMENT OF JUSTICE, OFFICE OF CRIME VICTIM COMPENSATION SERVICES

94. That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, allegedly provided benefits and payments, for medical care, lost wages, and other losses incurred, for and on behalf of the Plaintiff, Frank L. Jude, Jr., as a result of the heretofore described incident and resulting injuries and damages.

**Answering paragraph 94**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

95.   That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, claims a right of subrogation to be reimbursed for the benefits paid, or to be paid, under and in accordance with the terms of its alleged program provisions, on behalf of the Plaintiff, Frank L. Jude, Jr., due to the injuries and damages he sustained in the above-described incident.

**Answering paragraph 95**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

96.   That the Plaintiffs, Frank L. Jude, Jr. and Maria Jude, deny the right of said Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, to be reimbursed or subrogated to their interests and put said Involuntary Plaintiff to its proof with respect to its claim.

**Answering paragraph 96**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## CLAIM OF THE INVOLUNTARY PLAINTIFF, STATE OF WISCONSIN, DEPARTMENT OF HEALTH AND FAMILY SERVICES

97.   That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, allegedly provided benefits and payments, pursuant to the State of Wisconsin Medical Assistance Program, for medical care, for and on behalf of the Plaintiff, Frank L. Jude, Jr., as a result of the heretofore described incident and resulting injuries and damages.

**Answering paragraph 97**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

98.   That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, claims a right of subrogation to be reimbursed for the medical expenses paid, or to be paid, under and in accordance with the terms of its alleged program provisions, on behalf of the Plaintiff, Frank L. Jude, Jr., due to the injuries and damages he sustained in the above-described incident.

**Answering paragraph 98**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

99.   That the Plaintiffs, Frank L, Jude, Jr. and Maria Jude, deny the right of said Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, to be reimbursed or subrogated to their interests and put said Involuntary Plaintiff to its proof with respect to its claim.

**Answering paragraph 99**, lacks information and knowledge necessary to form a belief as to the truth or falsity of the allegations contained therein, and therefore denies the same.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, defendant, City of Milwaukee, alleges and states to the court as follows:

1. The plaintiffs' complaint fails to state a claim upon which relief can be granted against defendant, City of Milwaukee;

2. No individually-named defendant was acting within the scope of employment with the City of Milwaukee, and, therefore, they have no claim for indemnification from the City of Milwaukee;

3. Punitive damages cannot be assessed against the City of Milwaukee;

AS AND FOR AFFIRMATIVE DEFENSES AS TO ANY STATE LAW CLAIM, defendant, City of Milwaukee, alleges and states to the court as follows:

4. Wis. Stat. § 893.80(3) limits damages to $50,000;

5. Wis. Stat. § 893.80(3) bars recovery of punitive damages;

6. Wis. Stat. § 893.80(4) bars any action against the City of Milwaukee for the intentional torts of its employees.

7. Wis. Stat. § 893.80(4) bars any action against the City of Milwaukee for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.

WHEREFORE, defendant, City of Milwaukee, demands judgment as follows:

1. Dismissing any claims against it on their merits, together with costs and disbursements; and

2. For such other and further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Defendant City of Milwaukee demands a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 14th day of December, 2006.

                                        GRANT F. LANGLEY
                                        City Attorney

-

                                        s/ SUSAN E. LAPPEN
                                        Assistant City Attorney
                                        State Bar No. 01003567
                                        Attorneys for City of Milwaukee
                                        s/ MIRIAM R. HORWITZ
                                        Assistant City Attorney
                                        State Bar No. 01016150

P.O. ADDRESS
800 City Hall
200 East Wells Street
Milwaukee, WI  53202
Telephone:  (414) 286-2601
Fax:  (414) 286-8550
E-Mail:  slappe@milwaukee.gov
E-Mail:  mhorwi@milwaukee.gov

1032-2006-3071:112564