# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANK L. JUDE, JR., and MARIA JUDE,
    Plaintiffs,

STATE OF WISCONSIN DEPARTMENT OF
JUSTICE CRIME VICTIM COMPENSATION
PROGRAM and WISCONSIN DEPARTMENT
OF HEALTH AND FAMILY SERVICES,
    Involuntary Plaintiffs,

Case No. 06C1101

v.

CITY OF MILWAUKEE, ANDREW SPENGLER,
JON BARTLETT, DANIEL MASARIK, RYAN
PACKARD, RYAN LEMKE, JON CLAUSING,
JOSEPH SCHABEL and MICHELLE BARTLETT,
    Defendants.

## DECISION AND ORDER

On October 23, 2006, plaintiffs Frank Jude, Jr., and Maria Jude filed this action under 42 U.S.C. § 1983, alleging that all defendants violated their civil rights. Plaintiffs served defendants with the summons and complaint in early November. On December 15, 2006, after defendants Andrew Spengler and Ryan Packard failed to timely answer the complaint,[1] plaintiffs requested that the clerk enter default against these defendants. On December 19, 2006, the clerk entered default as to both Spengler and Packard. On December 27, 2006, Packard filed his answer, and on January 3, 2007, Spengler filed his

---

[1] Spengler's answer was due on November 24, 2006, and Packard's answer was due on November 29, 2006.

answer. Before me are these defendants' motions to set aside the entry of default and extend their deadlines to answer to include the dates on which they filed their answers.

Rule 55(c) allows me to set aside an entry of default for "good cause shown." To succeed in the vacation of a default order under Rule 55(c), the defendant must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1401 (7th Cir. 1993) (citing United States v. DiMucci, 879 F.2d 1488, 1495 (7th Cir.1989)). There is a strong policy favoring adjudication of cases on their merits over default judgment. See Sec. Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1381 (7th Cir.1995). The standard for setting aside an entry of default is less stringent then that for vacating default judgment. See O'Brien, 998 F.2d at 1401.

Packard and Spengler present very similar reasons for their default and both have made sufficient showings to warrant relief under Fed. R. Civ. P. 55(c). First, they have demonstrated good cause for the default. O'Brien, 998 F.2d at 1401. Affidavits filed in support of the motions show that the defendants did not willfully ignore plaintiffs' complaint, but rather were delayed by their attempts to turn their defense over to the City of Milwaukee and – after the city rejected such attempts – by their attempts to turn their defense over to their homeowners' insurers. Further, the defendants acted quickly to correct the default. Id. Both before and after the entry of default, Packard and Spengler scrambled to determine who was responsible for their defense. In Packard's case, while waiting for the final word from his homeowner's insurer, he retained private counsel to

2

assist him in answering the complaint.[2] As for Spengler, on the very day that his insurer assigned him counsel, such counsel appeared and notified the court that he would promptly answer the complaint. Packard's total delay was one month and Spengler's delay was just over one month. Such delay did not prejudice the other parties, as this case is still in the pleadings stage.

In addition, both defendants have meritorious defenses. Id. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Bieganek v. Taylor, 801 F.2d 879, 882 (7th Cir.1986). They both assert that they are innocent of plaintiffs' charges. In connection with this assertion, Packard notes that though certain police officers were criminally charged with Jude's beating, he was not so charged, and Spengler notes that he was acquitted of such charges. Although the burden of proof is lower in a civil case than in a criminal law, this indicates that the factfinder will have a serious question before it as to the liability of Packard and Spengler. Further, Spenger argues that if plaintiffs show that he was acting under color of state law during the incident at issue, then the City of Milwaukee is responsible for his defense, and if plaintiffs are unable to show that Spengler was acting under color of state law, then plaintiffs' § 1983 claim against Spengler must be dismissed.

Finally, for the above reasons, I will also grant Packard's and Spengler's motions for extensions of time to file their answers.

**Therefore,**

---

[2]A little over a week after answering the complaint, Packard moved to substitute counsel, as his homeowner's insurer had then assigned him counsel.
3

Case 2:06-cv-01101-LA   Filed 02/15/07   Page 3 of 4   Document 95

**IT IS ORDERED** that defendant Andrew Spengler's motion to set aside the clerk's December 19, 2006, entry of default against him is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Andrew Spengler's motion for an extension of time is **GRANTED**.

**IT IS ALSO ORDERED** that defendant Ryan Packard's motions to set aside the clerk's December 19, 2006, entry of default against him are **GRANTED**.

**IT IS ADDITIONALLY ORDERED** that defendant Ryan Packard's motion for an extension of time is **GRANTED**.

Dated at Milwaukee, Wisconsin this 15 day of February, 2007.

/s_____
LYNN ADELMAN
District Judge