UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FRANK L. JUDE, JR. and MARIA JUDE,<br>    Plaintiffs, | |
| v. | Case No. 06C1101 |
| CITY OF MILWAUKEE, et. al.,<br>    Defendants. | |
| KIRSTEN ANTONISSEN,<br>    Plaintiff, | |
| v. | Case No. 06C1103 |
| CITY OF MILWAUKEE, et al.,<br>    Defendants. | |
| KATIE BROWN,<br>    Plaintiff, | |
| v. | Case No. 06C1104 |
| CITY OF MILWAUKEE, et al.,<br>    Defendants. | |
| LOVELL A. HARRIS,<br>    Plaintiff, | |
| v. | Case No. 07C61 |
| POLICE OFFICER JON CLAUSING, et. al.,<br>    Defendants. | |

## ORDER

On October 26, 2007, I issued a decision and order regarding the duties of several insurers with respect to several of the individual defendants in this case. Each insurer had brought a motion for summary judgment seeking a declaration that it had no duty to defend or indemnify the individual defendant(s) holding policies with it. In my decision and order, I addressed only the duty to defend. Upon further reflection, it is clear that my legal analysis additionally precludes any duty to indemnify.

In the October 26 decision, I found that two defendants had conceded that American Family Mutual Insurance Company had no duty to defend or indemnify them by failing to respond to American Family's motion for summary judgment. Further, I found that the plaintiffs' complaints did not allege any injury covered by the insured defendants' policies and/or that the complaints alleged only actions falling within their policies' business exclusions. The duty to indemnify is narrower than the duty to defend, <u>Fireman's Fund Ins. Co. v. Bradley Corp.</u>, 261 Wis. 2d 4, 20 (2003), and it is plain that the discussion in my October 26 decision resolves the insurers' duty to indemnify the defendant policy holders.

As such, pursuant to the discussion in my October 26 decision and order,

**IT IS ORDERED** that the summary judgment motions of ACUITY, American Family Insurance Company, Secura Supreme Insurance Company and Standard Fire Insurance Company are **GRANTED IN THEIR ENTIRETY**.

**IT IS FURTHER ORDERED** that judgment be entered accordingly, pursuant to Fed. R. Civ. P. 54(b), given that all of the claims involving ACUITY, American Family Insurance Company, Secura Supreme Insurance Company and Standard Fire Insurance Company have been resolved.

Dated at Milwaukee, Wisconsin this 1 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge