## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

FRANK L. JUDE, JR.,

                       Plaintiff,

      and

STATE OF WISCONSIN DEPARTMENT
OF JUSTICE, OFFICE OF CRIME VICTIM
COMPENSATION SERVICES and STATE
OF WISCONSIN, DEPARTMENT OF HEALTH
AND FAMILY SERVICES,

                       Involuntary Plaintiffs,

      v.                                     Civil Case No.:      06-C-1101

CITY OF MILWAUKEE, a municipal corporation,
ANDREW R. SPENGLER, JON
BARTLETT, DANIEL MASARIK,
RYAN PACKARD, RYAN
LEMKE, JON CLAUSING,
JOSEPH  SCHABEL,
MICHELE E. ROMAN  (f/k/a MICHELE BARTLETT),
and NICOLE BELMORE
(f/k/a NICOLE MARTINEZ)

                       Defendants.

## AMENDED FEDERAL COMPLAINT

    **NOW COMES** the above-named Plaintiff, FRANK L. JUDE, JR., by his attorneys, Samster, Konkel & Safran, S.C., and as and for his causes of action against the above-named Defendants, the Plaintiff alleges and shows claims for relief as follows:

## INTRODUCTION

1.      The following is a synopsis of the Plaintiff, Frank L. Jude, Jr.'s cause of action: This is a civil action under the Fourth and Fourteenth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983, as well as State of Wisconsin statutory and common law, brought to redress the injuries inflicted on the Plaintiff, Frank L. Jude, Jr.,  as a citizen of the United States and the State of Wisconsin, including on the basis of his race, by the Defendant, City of Milwaukee, the Defendant police officers and Defendant civilians when he was physically restrained, searched, beaten, and tortured by the Defendants who used extreme and excessive force, as well as by the Defendants and others who stood by and watched, without intervening to stop or prevent the injuries, when allegedly effectuating an unlawful arrest of the Plaintiff, Frank L. Jude, Jr., all in violation of the Plaintiff, Frank L. Jude, Jr.'s, rights secured by the Constitution of the United States and the State of Wisconsin statutes and common law.

## JURISDICTION AND VENUE

### Jurisdiction

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, Section 1983.  Jurisdiction of this court is conferred by Title 28 of the United States Code, Sections 1331 and 1343(a)(3) and (4). This court also has supplemental jurisdiction over the Plaintiff, Frank L. Jude, Jr.'s state law claims pursuant to Title 28 of the United States Code, Section 1367.

### Venue

3.      The Eastern District of Wisconsin is a proper federal venue for this action because the Eastern District is a judicial district in the state in which the constitutional and civil rights

violations of the Plaintiff, Frank L. Jude, Jr. are alleged to have been committed pursuant to Title 28 of the United States Code, Section 1391(b).

## PARTIES

4.     That the Plaintiff, Frank L. Jude, Jr., was and is an adult at all times material hereto, and was residing at his permanent address in the County of Winnebago, State of Wisconsin, and at all times material hereto, was married to Maria Jude.

5.     That the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, is a governmental agency, whose principal offices are located at 17 West Main Street, City of Madison, County of Dane, State of Wisconsin.  That upon information and belief, at all times material herein, said Involuntary Plaintiff claims to have made payments for medical care, lost wages, and other losses incurred on behalf of the Plaintiff, Frank L. Jude, Jr., pursuant to the State of Wisconsin Crime Victim Compensation Program, and that by reason of the intentional and negligent acts of the Defendants, and pursuant to Wisconsin Statute Section 949.15, and Federal Rule of Civil Procedure 19(a), the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, is a proper party Involuntary Plaintiff herein.

6.     That the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, is a governmental agency, whose principal offices are located at One West Wilson Street, City of Madison, County of Dane, State of Wisconsin.  That, upon information and belief, at all times material herein, said Involuntary Plaintiff claims to have made payments for medical care incurred on behalf of the Plaintiff, Frank L. Jude, Jr., pursuant to the State of Wisconsin Medical Assistance Program, and that by reason of the negligence of the Defendants, and pursuant to Wisconsin Statute Section 49.89, and Federal Rule of Civil Procedure 19(a), the

3

Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, is a proper party Involuntary Plaintiff herein.

7. That the Defendant, City of Milwaukee, was at all times material hereto, a municipal corporation, organized and existing under the laws of the State of Wisconsin, whose principal offices are located at 200 East Wells Street, City and County of Milwaukee, State of Wisconsin, 53202.

8. That the Defendant, Andrew R. Spengler, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

9. That the Defendant, Jon Bartlett, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

10. That the Defendant, Daniel Masarik, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material

4

hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

11.     That the Defendant, Ryan Packard, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

12.     That the Defendant, Ryan Lemke, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

13.     That the Defendant, Jon Clausing, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

14.     That the Defendant, Joseph Schabel, at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although

no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

15.    That the Defendant, Nicole Belmore (f/k/a Nicole Martinez), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on October 24, 2004. That, although no longer employed by Defendant, City of Milwaukee, as a police officer, at all times material hereto, said Defendant was acting within the scope of her employment as a police officer for the City of Milwaukee Police Department

16.    That the Defendant, Michele E. Roman (f/k/a Michele Bartlett), at all times material hereto, was an adult resident of the City of Milwaukee, was formerly employed by the Defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department prior to October 24, 2004, and was married to the Defendant, Jon Bartlett, on October 24, 2004.

## FACTS

17.    That the Plaintiff, Frank L. Jude, Jr., is an African-American male.

18.    That the Plaintiff, Frank L. Jude, Jr., is and was, at all times material hereto, the father of two children, was then the husband of Maria Jude, and he was employed working two jobs to support his family and himself on October 24, 2004.

19.    That, upon information and belief, the Defendant police officers, Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, and Joseph Schabel, are Caucasian males, and the Defendant police officer Nicole Belmore, and Defendant, Michele E. Roman, are Caucasian females.

6

20.     That on October 24, 2004, at approximately 2:30 a.m., the Plaintiff, Frank L. Jude, Jr., was invited to and attended a party located at 2887 South Ellen Street, City and County of Milwaukee, State of Wisconsin, along with an African-American male friend, Lovell Harris, and two Caucasian women acquaintances, Kirsten Antonissen and Katie Brown.

21.     That most of the party attendees, although unknown at the time, have now been identified as City of Milwaukee Police Department police officers, including, but not limited to, the Defendants, Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, and Jon Clausing, and non-Defendants, Bradley Blum, Joseph Stromei, Michelle Grutza and Jodi Kamermayer, along with civilians, including, but not limited to, the Defendant, Michele E. Roman.

22.     That, upon information and belief, most of the party attendees consumed alcoholic beverages at the party, and many of the Defendants drank significant amounts of alcohol at the party, prior to the time that the Plaintiff, Frank L. Jude, Jr., and the three others arrived at the party.

23.     That the Plaintiff, Frank L. Jude, Jr., drove his automobile to the party, accompanied by Lovell Harris, while Kirsten Antonissen drove her pick-up truck to the party, accompanied by Katie Brown.

24.     That after meeting outside the party residence, owned by the Defendant, Andrew Spengler, the Plaintiff, Frank L. Jude, Jr., and the three others entered the residence.

25.     That after attending the party for only a few minutes and because he felt uncomfortable, the Plaintiff, Frank L. Jude, Jr., suggested to Mr. Harris, Ms. Antonissen, and Ms. Brown that they leave the party.

26.     That the Plaintiff, Frank L. Jude, Jr., and the three others left out the front door of the party residence, went down the front exterior porch stairs, crossed the street, and entered the closest of the two vehicles, Kirsten Antonissen's pick-up truck, preparing to leave.

27.     That immediately after the Plaintiff, Frank L. Jude, Jr., and the three others left the party and entered the pickup truck to leave, a number of the Defendant party attendees came out from the party residence, surrounded the pick-up truck, and prevented it from leaving.

28.     That the Defendant party attendees verbally identified themselves as police officers, accused the Plaintiff, Frank L. Jude, Jr., of stealing a police badge and other personal effects from inside the party residence, and ordered all of them to exit the pick-up truck, or they would be arrested.

29.     That, upon information and belief, following the order to exit the pick-up truck, some of the Defendant City of Milwaukee Police Department police officers who surrounded the pick-up truck intentionally caused damage to the pick-up truck, assumingly in order to scare the driver and passengers and to get their attention as to the seriousness of their order and threat to exit the vehicle.

30.     That the driver, Antonissen, and the passenger, Brown, thereafter exited the pick-up truck, and at that time both the Plaintiff, Frank L. Jude, Jr., and Harris, were forcibly removed from the vehicle by some of the Defendant City of Milwaukee Police Department police officers.

31.     That the Plaintiff, Frank L. Jude, Jr., and his friend, Harris, were separated and moved to different sides of the Antonissen pick-up truck, with the Plaintiff, Frank L. Jude, Jr., being placed on the driver side of the vehicle, and Harris being placed on the passenger side of the vehicle.

32.     That following being removed from the vehicle, the Plaintiff, Frank L. Jude, Jr., was slapped by the Defendant, Michele E. Roman, his body was patted down in a search, the Antonissen pick-up truck was searched, he was repeatedly accused of stealing a police badge, and then some of the Defendant City of Milwaukee Police Department police officers began to physically grab the Plaintiff, Frank L. Jude, Jr., eventually throwing him to the ground.

33.     That Kirsten Antonissen and Katie Brown used their cell phones to call 9-1-1 and spoke to City of Milwaukee Police Department Communications Department dispatch personnel to report the incident that was occurring with them and the Plaintiff, Frank L. Jude, Jr.

34.     That after being thrown to the ground, the Plaintiff, Frank L. Jude, Jr., was threatened by some of the Defendant City of Milwaukee Police Department police officers with a knife and a gun, had most of his clothes cut or torn off his body, and was repeatedly punched and kicked in the head, face, and body, while, upon information and belief, other City of Milwaukee Police Department police officers watched, without intervening to stop or prevent the injuries or call for uniformed police officers or medical attention for the Plaintiff, Frank L. Jude, Jr., despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

35.     That the beating of the Plaintiff, Frank L. Jude, Jr., continued despite the fact that no police badge or police officer's personal effects were found on him, and despite the fact that he had not committed any crime, nor was he being aggressive, threatening or abusive to the Defendant City of Milwaukee Police Department police officer assailants or anyone else.

36.     That eventually uniformed City of Milwaukee Police Department police officers arrived at the scene, including Police Officer Defendant, Nicole Belmore, Police Officer Defendant, Joseph Schabel, Police Officer Jeremy Gonzalez, Police Officer Fawn Gabrielson,

Police Officer Patrick Pajot, Police Officer Alejandro Arce, and Police Officer Corstan Court, and at least one of the uniformed City of Milwaukee Police Department police officers, the Defendant, Joseph Schabel, assisted in handcuffing the Plaintiff, Frank L. Jude, Jr., and participated in his beating, by kicking him in the head, while other City of Milwaukee Police Department police officers pulled the Plaintiff, Frank L. Jude, Jr.'s, jacket over his head and then cut it off, tortured him by jamming a pen into both of his ears, and repeatedly punched and kicked him in his head, face, and body, even after he was handcuffed and lying face down on the ground; and that other City of Milwaukee Police Department police officers, upon information and belief, including, but not limited to, Police Officer Defendants, Joseph Schabel and Nicole Belmore, watched, without intervening to stop or prevent the injuries or call for other uniformed police officers or medical attention for the Plaintiff, Frank L. Jude, Jr., despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

37.     That during the time that much of the beating and torture of the Plaintiff, Frank L. Jude, Jr., was taking place, Kirsten Antonissen was speaking on her cell phone with the City of Milwaukee Police Department Communications Department dispatch personnel and was contemporaneously describing the beating, torture and actions of the Defendant City of Milwaukee Police Department police officers, which she was observing.

38.     That in the time period between approximately 2:45 a.m. and 3:30 a.m., while outside the residence located at 2887 South Ellen Street, City and County of Milwaukee, State of Wisconsin, the Plaintiff, Frank L. Jude, Jr., was unlawfully and physically restrained, searched, beaten, and tortured, while others, upon information and belief, stood by and watched, without intervening to stop or prevent the injuries or to call for uniformed police officers or medical assistance, by the above-named Defendants, including, but not limited to Andrew Spengler, Jon

Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, Joseph Schabel and Nicole Belmore. That during the above-described incident, said Defendants were acting under color of law.

39. That effectuating an arrest and investigating an alleged theft are usual and reoccurring situations with which the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, must perform on a regular basis.

40. That, upon information and belief, during the incident described above, the Plaintiff, Frank L. Jude, Jr., was called racial epithets by some of the above-named City of Milwaukee Police Department police officer Defendants, and the word "nigger" was yelled at him by some of the police officer Defendants involved.

41. That, upon information and belief, during the time and subsequent to the time of the beating of the Plaintiff, Frank L. Jude, Jr., some of the above-named City of Milwaukee Police Department police officer Defendants vandalized the Plaintiff, Frank L. Jude, Jr.'s, automobile, and also vandalized and damaged much of its contents, resulting in property damages exceeding the amount of $3,500.00.

42. That only after additional uniformed police officers of the City of Milwaukee Police Department arrived, was the Plaintiff, Frank L. Jude, Jr., finally taken from the scene to a hospital to obtain emergency medical treatment, however, even then not by an ambulance, but instead by way of a City of Milwaukee Police Department conveyance vehicle in a manner contrary to City of Milwaukee Police Department rules, regulations and policies.

43. That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, and the Defendant, Michele E. Roman, engaged in concerted action in pursuit of a common scheme or plan to deprive the Plaintiff, Frank L. Jude, Jr., of his

constitutional and civil rights, including on the basis of his race, resulting in the injuries and damages which he sustained, as further described below.

44. That as a direct result of the unlawful actions by the above-indicated Defendant police officers of the City of Milwaukee Police Department, and Defendant, Michele E. Roman, and during the time that the Plaintiff, Frank L. Jude, Jr., was being physically restrained, searched, beaten and tortured, he sustained severe personal injuries to his body, including but not limited to, a head concussion; temporary loss of consciousness; multiple displaced fractures to his nasal bones, with active bleeding, and resulting in reconstructive surgery and on-going treatment; a fractured left maxillary sinus; traumatic subconjuntival hemorrhage to his left eye, with active bleeding; traumatic left eyelid abrasion and laceration; left eye periorbital edema; vision difficulties; lacerations, with active bleeding, to both ear canals; temporary decreased hearing; severe traumatic contusions to his face, jaw, and mouth; strains, a fracture, and injuries to two fingers and knuckles of his left hand; multiple abrasions to his head, face, nose, eyes, neck, shoulders, arms, wrists, back, and legs; urinary difficulties; nausea; vomiting; problems breathing; and sleeping disturbances; and he has suffered the past and future medical expenses for the treatment of his physical injuries; he has suffered past and future lost wages; he has suffered past and future pain, suffering and disability; he has sustained damages to his automobile and its contents; and he has sustained the loss of other personal belongings and money which was on his person.

## FEDERAL CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983

45. Plaintiff, Frank L. Jude, Jr., realleges and incorporates by reference the allegations in the preceding paragraphs.

46.     That at all relevant times herein, the Defendant, City of Milwaukee, was a "person" for the purposes of Title 42 of the United States Code, Section 1983.  That at all relevant times herein, the Defendants, City of Milwaukee Police Department police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, were "persons" for purposes of Title 42 of the United States Code, Section 1983, and acted under color of law to deprive the Plaintiff, Frank L. Jude, Jr., of his constitutional and civil rights.

47.     That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, used unnecessary and excessive force on the Plaintiff, Frank L. Jude, Jr., when they unlawfully restrained, searched, beat and tortured him, and without reasonable suspicion they unlawfully attempted to effectuate his arrest.

48.     That during the above-mentioned attempted unlawful arrest, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, physically restrained, searched, beat, and tortured the Plaintiff, Frank L. Jude, Jr., upon information and belief, by use of punches, kicks, and the use of a knife, a gun, and a pen, causing him severe personal injury.

49.     That at all relevant times herein, when the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, used unnecessary and excessive force on the Plaintiff, Frank L. Jude, Jr., he did not resist the attempted unlawful arrest, he did not display any use of force, and he did not present a threat to the Defendants or any other persons.

50.     That the conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, individually and in the aggregate, constituted

the use of excessive force, without cause or justification, in violation of the Plaintiff, Frank L. Jude, Jr.'s, Fourth Amendment Rights as incorporated by the Fourteenth Amendment, and denied him his due process and equal protection rights.

51.    That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, as well as others, stood by and watched, without intervening to stop or prevent the injuries to the Plaintiff, Frank L. Jude, Jr., or to call for uniformed police officers or medical assistance, despite an affirmative duty imposed by law and City of Milwaukee Police Department rules, regulations and policies.

52.    That at all relevant times herein, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, were police officers employed by the Defendant, City of Milwaukee, for the City of Milwaukee Police Department, and acted under color of the laws, statutes, regulations, customs, ordinances, policies and usage of the State of Wisconsin, the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and were acting within the scope of their employment.

53.    That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, constituted a violation and deprivation of the fundamental due process and equal protection rights of the Plaintiff, Frank L. Jude, Jr., as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and said actions were also taken toward Plaintiff, Frank L. Jude Jr., on the basis of his race.

54.    That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore was a direct and proximate cause of the injuries and damages to the Plaintiff, Frank L. Jude Jr., as set forth in this amended complaint.

55.     That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, was also unlawful, extreme, malicious, outrageous and/or intentional.

56.     That the above-mentioned conduct was intended to cause the Plaintiff, Frank L. Jude, Jr., severe personal injuries and damages, and such conduct was a cause of the personal injuries and damages sustained by the Plaintiff, Frank L. Jude, Jr.

57.     That at all relevant times herein, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, also acted with an evil motive or intent, acted maliciously, and/or with reckless disregard, and/or with deliberate indifference, and/or with a reckless or callous indifference towards the Plaintiff, Frank L. Jude, Jr., or in an intentional disregard of his civil rights, such as to subject the Defendants to punitive damages.

58.     That the Defendant, City of Milwaukee, is liable pursuant to Wisconsin Statute Section 895.46, for payment of any judgment entered against the individual police officer employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the above-mentioned acts.

SECOND CLAIM FOR RELIEF: MONELL LIABILITY

*Failure to Train, Discipline and Supervise*

59.     Plaintiff, Frank L. Jude, Jr., realleges and incorporates by reference the allegations in the preceding paragraphs.

60.      That the above-mentioned acts of the Defendants, Andrew Spengler, Jon Bartlett, Daniel Masarik, Ryan Packard, Ryan Lemke, Jon Clausing, Joseph Schabel and Nicole Belmore, including the use of unnecessary and excessive force on Plaintiff, Frank L. Jude, Jr., occurred as

a direct result of a failure on the part of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officers and employees.

61.     That the above-mentioned inadequate training program constituted an official policy of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department.

62.     That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, exceeded constitutional limitations on the use of force when attempting to effectuate an unlawful arrest of the Plaintiff, Frank L. Jude, Jr., and such actions resulted in a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

63.     That effectuating an arrest is a usual and reoccurring situation with which the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, must deal with on a regular basis.

64.     That the failure of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department to adequately train, discipline and supervise its police officer employees demonstrates a deliberate indifference on the part of the Defendant, City of Milwaukee, and its policymakers, as to whether the failure to adequately train, discipline and supervise its police officers employees would result in a violation of the constitutional and civil rights of persons, including the Plaintiff, Frank L. Jude, Jr.

65.     That the above-mentioned failure to adequately train, discipline and supervise its police officer employees was a direct and proximate cause of a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

66.     That the above-mentioned failure to adequately train, discipline and supervise its police officer employees, and the acts and omissions of the Defendant, City of Milwaukee, and

16

the City of Milwaukee Police Department, by its policymakers, was a direct and proximate cause of the injuries and damages to the Plaintiff, Frank L. Jude, Jr., as set forth in this amended complaint.

*Deficient Hiring Practice and Policy*

67.     Plaintiff, Frank L. Jude, Jr., realleges and incorporates by reference the allegations in the preceding paragraphs.

68.     That the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, made a conscious decision to adopt its hiring practice and policy.

69.     That the above-mentioned hiring practice and policy, which did not include administration of adequate psychological testing or background checks on police officer applicants, permitted the hiring of certain police officer applicants even though an adequate scrutiny of said police officer applicants' psychological status and background would lead an objectively reasonable policymaker to conclude that said police officer applicants, if hired, would likely deprive a third party of constitutional and civil rights.

70.     That for the reasons listed above, the hiring practice and policy of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department was deficient.

71.     That the above-mentioned deficient hiring practice and policy was a direct and proximate cause of a violation of the constitutional and civil rights of the Plaintiff, Frank L. Jude, Jr.

72.     That the above-mentioned deficient hiring practice and policy and the acts and omissions of the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, was a direct and proximate cause of the injuries and damages to the Plaintiff, Frank L. Jude, Jr., as set forth in this amended complaint.

73.     Plaintiff, Frank L. Jude, Jr., realleges and incorporates by reference the allegations in the preceding paragraphs.

74.     That the acts of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, including the use of unnecessary and excessive force on Plaintiff, Frank L. Jude, Jr., was done in accordance with the Defendant, City of Milwaukee, and the City of Milwaukee Police Department's de facto policy, regulation, decision or custom condoning excessive force and/or violating person's constitutional and civil rights when effectuating and executing arrests.  That these de facto policies were officially adopted, expressly or implicitly, and promulgated or practiced by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and as such constitute a de facto governmental custom for the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, even though such custom may not have received written formal approval by the Defendant, City of Milwaukee, and the City of Milwaukee Police Department, and even though such de facto policies were inconsistent with or violated other written policies.

75.     That this official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil rights permitted, encouraged, tolerated or ratified the actions of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore, all in malicious or reckless disregard or with deliberate indifference regarding the constitutional and civil rights of Plaintiff, Frank L. Jude, Jr.

76.     That the above-mentioned official or de facto policy and/or custom of condoning utilizing excessive force and/or violating persons' constitutional and civil rights arose or was allowed to continue as a result of, among other things, the following acts and omissions of the

Defendant, City of Milwaukee, and the City of Milwaukee Police Department and its Policymakers: failing to adequately train, supervise and control its police officers; failing to adequately punish and discipline prior instances of similar conduct by its police officers; failing to have sufficient policies and practices in existence to adequately deal with the understanding and actions of off-duty police officers when acting within the scope of their employment and under color of law as police officers; failing to adequately and fully investigate and gather sufficient evidence at the scene of police officer-involved incidents to allow for a determination of those police officers involved being identified and potentially disciplined or criminally prosecuted; allowing a police force atmosphere that promotes cavalier attitudes in conduct, and leading to a belief that police actions will never be scrutinized and/or prosecuted; and encouraging "misplaced loyalties" and a "code of silence" among police officers in refusing to cooperate with officials investigating unlawful actions by police officers.

77.    That the "wide-spread practice" of cavalier attitudes in conduct; encouraging, permitting, and failing to take genuine or adequate measures to prevent repeated instances of excessive force when effectuating an arrest; and encouragement of a "code of silence;" constituted a custom or usage that, although not officially authorized, reflected practices which were so well settled that they virtually constituted official policy.

78.    That the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department had actual and/or constructive knowledge of the existence of each and every one of the above-mentioned policies and customs and had a deliberate indifference as to whether said policies and customs would continue.

19

79.     That each and every one of the above-mentioned policies and customs were a direct and proximate cause of a violation of the constitutional and civil rights of Plaintiff, Frank L. Jude, Jr.

80.     That the above-mentioned policies and customs, as well as the acts and omissions of the policymakers of the Defendant, City of Milwaukee, and the City of Milwaukee Police Department was a direct and proximate cause of the injuries and damages to the Plaintiff, Frank L. Jude, Jr., as set forth in this amended complaint.

## STATE LAW CLAIMS FOR RELIEF

### THIRD CLAIM FOR RELIEF:  ASSAULT AND BATTERY

81.     Plaintiff, Frank L. Jude, Jr., realleges and incorporates by reference all allegations in the preceding paragraphs.

82.     That the Plaintiff, Frank L. Jude, Jr., timely filed and served a Notice of Injury and a Notice of Claim, pursuant to Wisconsin Statute Section 893.80, with the Defendant, City of Milwaukee.  That the Notice of Claim was deemed denied by operation of law after allowing 120 days to elapse without receiving a formal and express disallowance of the Claim.  That the referred to Notice of Claim, dated and served on June 19, 2006, is attached hereto and incorporated by reference.

83.     That, upon information and belief, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, intended to inflict bodily contact and to do physical harm to Plaintiff, Frank L. Jude, Jr., and to put him in fear of imminent physical harm.

84.     That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, attempted to do harm to

Plaintiff, Frank L. Jude, Jr., and had the apparent present ability to inflict bodily contact, to do harm to him, and to put him in fear of imminent physical harm.

85.     That the Plaintiff, Frank L. Jude, Jr., was in fear of imminent physical harm as a result of the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman.

86.     That the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, used excessive force and caused offensive bodily contact and bodily harm to Plaintiff, Frank L. Jude, Jr., in an angry, revengeful, rude, or insolent manner, including on the basis of his race, and said Defendants had an awareness that their conduct was practically certain to cause bodily harm to Plaintiff, Frank L. Jude, Jr.

87.     That Plaintiff, Frank L. Jude, Jr., did not consent to have bodily contact and harm done to him.

88.     That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, was a direct and proximate cause of the injuries and damages to the Plaintiff, Frank L. Jude, Jr., as set forth in this amended complaint.

89.     That the above-mentioned conduct of the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, was also unlawful, extreme, malicious, outrageous and/or intentional.

90.     That the above-mentioned actions and conduct were done with a purpose to disregard the rights of the Plaintiff, Frank L. Jude, Jr., and the above-named Defendants were

aware that their acts were substantially certain to result in and caused the severe personal injuries, damages, and the disregard of the rights of the Plaintiff, Frank L. Jude, Jr.

91.     That at all relevant times herein, the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel, and Belmore, and Defendant, Michele E. Roman, also acted maliciously, and/or with reckless disregard, and/or with deliberate indifference towards the Plaintiff, Frank L. Jude, Jr., or in an intentional disregard of his rights, such as to subject the Defendants to punitive damages.

92.     That the Defendant, City of Milwaukee, is liable pursuant to Wisconsin Statute Section 895.46 for payment of any judgment entered against the individual police officer employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the above-mentioned acts.

CLAIM OF THE INVOLUNTARY PLAINTIFF,
STATE OF WISCONSIN DEPARTMENT OF JUSTICE,
OFFICE OF CRIME VICTIM COMPENSATION SERVICES

93.     That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, allegedly provided benefits and payments, for medical care, lost wages, and other losses incurred, for and on behalf of the Plaintiff, Frank L. Jude, Jr., as a result of the heretofore described incident and resulting injuries and damages.

94.     That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, claims a right of subrogation to be reimbursed for the benefits paid, or to be paid, under and in accordance with the terms of its alleged program provisions, on behalf of the Plaintiff, Frank L. Jude, Jr., due to the injuries and damages he sustained in the above-described incident.

95.     That the Plaintiff, Frank L. Jude, Jr., denies the right of said Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, to be reimbursed or subrogated to his interests and puts said Involuntary Plaintiff to its proof with respect to its claim.

CLAIM OF THE INVOLUNTARY PLAINTIFF,
STATE OF WISCONSIN, DEPARTMENT OF
HEALTH AND FAMILY SERVICES

96.     That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, allegedly provided benefits and payments, pursuant to the State of Wisconsin Medical Assistance Program, for medical care, for and on behalf of the Plaintiff, Frank L. Jude, Jr., as a result of the heretofore described incident and resulting injuries and damages.

97.     That, upon information and belief, the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, claims a right of subrogation to be reimbursed for the medical expenses paid, or to be paid, under and in accordance with the terms of its alleged program provisions, on behalf of the Plaintiff, Frank L. Jude, Jr., due to the injuries and damages he sustained in the above-described incident.

98.     That the Plaintiff, Frank L, Jude, Jr., denies the right of said Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, to be reimbursed or subrogated to his interests and puts said Involuntary Plaintiff to its proof with respect to its claim.

## DAMAGES

99.     WHEREFORE, the Plaintiff, Frank L. Jude, Jr., demands judgment against the Defendants as follows:

a.      In favor of the Plaintiff, Frank L. Jude, Jr., and against the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore; and against the Defendant, Michele E. Roman; and against the Defendant, City of Milwaukee, jointly and severally, for compensatory and special damages in an amount which will fairly and reasonably compensate him for his past and future medical expenses; for his past and future lost wages; for his past and future pain, suffering and disability; for the damage to his automobile and contents; for the loss of his personal property and money; and for the violation of the rights of the Plaintiff, Frank L. Jude, Jr., as set forth above, in an amount to be determined at a trial of this matter;

b.      In favor of the Plaintiff, Frank L. Jude, Jr., and against the Defendants, police officers Spengler, Bartlett, Masarik, Packard, Lemke, Clausing, Schabel and Belmore; and the Defendant, Michele E. Roman, jointly and severally, for punitive damages for the injuries, damages and violation of the rights of the Plaintiff, Frank L. Jude, Jr., as set forth above, in an amount to be determined at a trial of this matter;

c.      For injunctive and other equitable relief reforming the Defendant, City of Milwaukee's, and the City of Milwaukee Police Department's policies, practices and procedures to prevent like actions and harms in the future.

d.      In favor of the Plaintiff, Frank L. Jude, Jr., and against the Defendant, City of Milwaukee, for its liability pursuant to Wisconsin Statute Section 895.46, in an amount to be determined at a trial of this matter;

e.  For judgment determining the rights, if any, of the Involuntary Plaintiff, State of Wisconsin Department of Justice, Office of Crime Victim Compensation Services, to be reimbursed and subrogated to the rights and claims of the Plaintiff, Frank L. Jude, Jr., and for judgment accordingly, in an amount to be determine at a trial of this matter;

f.  For judgment determining the rights, if any, of the Involuntary Plaintiff, State of Wisconsin, Department of Health and Family Services, to be reimbursed and subrogated to the rights and claims of the Plaintiff, Frank L. Jude, Jr., and for judgment accordingly, in an amount to be determine at a trial of this matter;

g.  For all costs, disbursements and reasonable attorneys' fees pursuant to Title 42 of the United States Code, Section 1988, and for such other relief as the Court deems just and equitable.

**PLAINTIFF, FRANK L. JUDE, JR., HEREBY DEMANDS A JURY TRIAL OF THIS MATTER ON ALL ISSUES SO TRIABLE.**

/s/ Jonathan S. Safran
Jonathan S. Safran
*SBN: 01000881*
Jerome A. Konkel
*SBN: 1000149*
SAMSTER, KONKEL, & SAFRAN, S.C.
Attorneys for Plaintiff, Frank L. Jude, Jr.
1110 North Old World Third Street
Suite 405
Milwaukee, WI 53203
Phone: (414) 224-0400
Fax    : (414) 224-0280
Email:  jsafran@skslawyers.com
Email:  jkonkel@skslawyers.com

Date:    August 19, 2009