UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANK L. JUDE, JR.,

                Plaintiff,

STATE OF WISCONSIN DEPARTMENT OF
JUSTICE, OFFICE OF CRIME VICTIM
COMPENSATION SERVICES and STATE OF       Case No. 06-C-1101
WISCONSIN, DEPARTMENT OF HEALTH AND
FAMILY SERVICES,

                Involuntary Plaintiffs,

  v.

CITY OF MILWAUKEE, et al.,

                Defendants

---

**BRIEF IN SUPPORT OF PLAINTIFF, FRANK L. JUDE, JR.'S, MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT, JOSEPH SCHABEL**

---

## INTRODUCTION

Plaintiff, Frank L. Jude Jr., by his attorneys, SAMSTER, KONKEL & SAFRAN, S.C., hereby submits this Brief in support of his Motion for Judgment on the Pleadings for his Title 42, United States Code, Section 1983 claim against Defendant, Joseph Schabel.

## BACKGROUND

The incident which is the subject matter of this case, the deprivation of Mr. Jude's civil rights at the hands of City of Milwaukee Police Officers, including Defendant, former Officer Joseph Schabel, occurred on October 24, 2004. (*See generally* Amended Federal Complaint). On October 5, 2006, the United States Attorney for the Eastern District of Wisconsin filed an

Information in *United States v. Joseph Schabel*, United States District Court for the Eastern District of Wisconsin Case Number 06-CR-256, charging former Officer Schabel with violating Title 18, United States Code, Section 242, Deprivation of Civil Rights, for his actions on October 24, 2004. The United States Attorney entered into a Plea Agreement with former Officer Schabel, on October 4, 2006, where he pleaded guilty to the Section 242 violation. The United States District Court for the Eastern District of Wisconsin entered Judgment against former Officer Schabel for his Section 242 violation on December 7, 2007.[1]

Mr. Jude filed this case on October 23, 2006, bringing a Title 42, United States Code, Section 1983 claim against former Officer Schabel. (*See* Federal Complaint at ¶¶ 46-59). On August 19, 2009, Mr. Jude filed an Amended Complaint, alleging the same Section 1983 claim against former Officer Schabel. (*See* Amended Federal Complaint at ¶¶ 45-58). Former Officer Schabel filed his Answer to Mr. Jude's Amended Complaint on October 19, 2009, where he admitted to Mr. Jude's Section 1983 claim. (*See* Defendant, Joseph Schabel's, Answer to Plaintiff's Amended Federal Complaint, Affirmative Defenses, Cross-Claim Against All Defendants, and Answer to All Cross-Claims at ¶¶ 45-58).[2] Accordingly, Mr. Jude now brings this Motion for Judgment on the Pleadings against former Officer Schabel.

## ARGUMENT

This Court should grant Mr. Jude's Motion for Judgment on the Pleadings against former Officer Schabel. To begin with, Mr. Jude's Amended Complaint and the admissions in former Officer Schabel's Answer establish that there is no disputed material issue of fact; and, as a

---

[1] Former Officer Schabel was also charged with and pleaded guilty to violating Title 18, United States Code, Section 1512(b)(3), Obstruction of Justice, for making false statements regarding his conduct on October 24, 2004. The United States District Court for the Eastern District of Wisconsin entered Judgment against former Officer Schabel for his Section 1512(b)(3) violation on December 7, 2007.

[2] It should be noted that, although admitting to Mr. Jude's claims, former Officer Schabel seeks indemnification from Defendant, City of Milwaukee, pursuant to Wisconsin Statute Section 895.46, because former Officer Schabel acted within the scope of his employment with the Defendant, City of Milwaukee, and the City of Milwaukee Police Department during the incident which is the subject matter of this case.

result, Mr. Jude is entitled to judgment against former Officer Schabel as a matter of law for the Title 42, United States Code, Section 1983 claim.[3] Moreover, former Officer Schabel's guilty plea and Judgment in *United States v. Joseph Schabel*, United States District Court for the Eastern District of Wisconsin Case Number 06-CR-256 establish that Mr. Jude is entitled to judgment on the pleadings for the Section 1983 claim based upon the doctrine of issue preclusion.

> **I.** **This Court Should Grant Mr. Jude's Motion For Judgment On The Pleadings For His Title 42, United States Code, Section 1983 Claim Against Former Officer Schabel Because Former Officer Schabel's Answer Establishes That There Are No Material Issues Of Fact And That Mr. Jude Is Entitled To Judgment As A Matter Of Law.**

After the pleadings are closed, a party in federal litigation may move for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). A court should grant a motion for judgment on the pleadings when "the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). In deciding a motion for judgment on the pleadings, "[t]he court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party." *Karaganis*, 811 F.2d at 358.

As stated above, a comparison between Mr. Jude's Amended Complaint and former Officer Schabel's Answer establishes that Mr. Jude is entitled to judgment on the pleadings for his Title 42, United States Code, Section 1983 claim against former Officer Schabel. To begin with, former Officer Schabel admitted "his own unlawful conduct as described in *United States of America vs. Joseph Schabel* [sic], Case No.: 06-CR-256, which is specifically described in the Plea Agreement dated October 4, 2006." (*See* Defendant, Joseph Schabel's, Answer to

---

[3] The specific facts alleged by Mr. Jude in his Amended Complaint, and admitted to by former Officer Schabel in his Answer, will be discussed in detail later in this Brief.

3

Case 2:06-cv-01101-LA   Filed 12/07/09   Page 3 of 8   Document 348-1

Plaintiff's Amended Federal Complaint, Affirmative Defenses, Cross-Claim Against All Defendants, and Answer to All Cross-Claims at ¶¶ 46-51, 53, 55-57).[4] Former Officer Schabel also admits that "he was employed by the City of Milwaukee as a police officer, and was acting under color of law and in the scope of his employment at all times" relevant to the Section 1983 claim against him. (*See* id. at ¶ 52). As a result, former Officer Schabel also admits that Defendant, City of Milwaukee, is liable for payment of any judgment entered against him for Mr. Jude's claims, pursuant to Wisconsin Statute Section 895.46. (*See* id. at ¶ 58). With respect to Mr. Jude's claim that former Officer Schabel's conduct was a direct and proximate cause of Mr. Jude's damages, former Officer Schabel admits "that the Plaintiff [Mr. Jude] suffered bodily injury at the time and dates alleged [and] suffered various forms of legal damages." (*See* id. at ¶ 54).[5]

Considering only the matters presented in Mr. Jude's Amended Complaint and former Officer Schabel's Answer, and viewing the facts in the light most favorable to former Officer Schabel, it is clear that no material issue of fact remains to be resolved and that Mr. Jude is entitled to judgment as a matter of law for his Section 1983 claim against former Officer Schabel. *See Karaganis*, 811 F.2d at 358. This Court should therefore grant Mr. Jude's Motion for Judgment on the Pleadings for the Title 42, United States Code, Section 1983 claim against former Officer Schabel.

---

[4] Former Officer Schabel attached the Plea Agreement in *United States v. Joseph Schabel*, United States District Court for the Eastern District of Wisconsin Case Number 06-CR-256, as Exhibit A to his Answer. (*See* Defendant, Joseph Schabel's, Answer to Plaintiff's Amended Federal Complaint, Affirmative Defenses, Cross-Claim Against All Defendants, and Answer to All Cross-Claims at ¶ 36).

[5] In responding to Mr. Jude's damage claims, former Officer Schabel "is unable to state with particularity the precise nature of [Mr. Jude's damages]." (*See* Answer of Joseph Schabel at ¶ 54). The fact that former Officer Schabel cannot admit the specific nature of Mr. Jude's damages does not affect the instant motion because Mr. Jude is not seeking judgment on the pleadings with respect to an amount of damages. Moreover, former Officer Schabel's inability to admit what damages were caused by his conduct is understandable, because Officer Schabel acted concurrently and/or consecutively with the other individual Defendants to cause Mr. Jude's single and indivisible injuries.

**II. This Court Should Grant Mr. Jude's Motion For Judgment On The Pleadings For His Title 42, United States Code, Section 1983 Claim Against Former Officer Schabel Based Upon The Doctrine Of Issue Preclusion.**

The doctrine of issue preclusion "refers to a judgment's effect of 'foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action.'" *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 307 (7th Cir. 1995) (quotation omitted). The federal law of issue preclusion applies when the first judgment is a federal judgment. *Havoco of America, Ltd.*, 58 F.3d at 307, n.7. A party asserting issue preclusion under federal law must satisfy the following four (4) elements: "(1) the issue sought to be precluded is the same as that involved with the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom [issue preclusion] is invoked was fully represented in the prior action." *Id.* at 307.

In this case, the doctrine of issue preclusion establishes that Mr. Jude is entitled to judgment on the pleadings for his Title 42, United States Code, Section 1983 claim against former Officer Schabel. As stated above, the United States District Court for the Eastern District of Wisconsin entered judgment against former Officer Schabel for his violation of Title 18, United States Code, Section 242 during the incident which is the subject matter of this case, based upon his guilty plea.[6] Because this judgment is a federal judgment, the federal law of issue preclusion applies. *See Havoco of America, Ltd.*, 58 F.3d at 307, n.7. The four (4) elements required for the application of issue preclusion are easily satisfied. First, the issue sought to be precluded, Mr. Jude's Section 1983 claim, is the same as that involved with the

---

[6] In deciding Mr. Jude's Motion for Judgment on the Pleadings, this Court may take judicial notice of matters of public record, such as the Plea Agreement and Judgment in *United States v. Joseph Schabel*, United States District Court for the Eastern District of Wisconsin Case Number 06-CR-256. *See United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). In addition, this Court may consider documents incorporated by reference to former Officer Schabel's Answer, such as the Plea Agreement. *See Wood*, 925 F.2d at 1582.

prior action, former Officer Schabel's Section 242 violation. *See United States v. Senak*, 477 F.2d 304, 307 (7th Cir. 1973) (recognizing that Title 42, United States Code, Section 1983 is "the civil counterpart" to Title 18, United States Code, Section 242). Second, the issue was actually litigated, evidenced by former Officer Schabel's guilty plea to the Section 242 violation. Third, the determination of the issue was essential to the final judgment, in that the judgment against former Officer Schabel was for a violation of Section 242. Fourth, former Officer Schabel was fully represented during the criminal case by Attorney John Schiro. Accordingly, the doctrine of issue preclusion applies to Mr. Jude's Section 1983 claim against former Officer Schabel, based upon his guilty plea and judgment for the Section 242 violation. *See Havoco of America, Ltd.*, 58 F.3d at 307.

There is United States Court of Appeals for the Seventh Circuit case law support for granting Mr. Jude judgment on his Title 42, United States Code, Section 1983 claim based upon the guilty plea and judgment against former Officer Schabel for his violation of Title 18, United States Code, Section 242. In *Appley v. West*, the Plaintiff brought a RICO claim against an individual Defendant, alleging that she was defrauded of substantial financial assets. 832 F.2d 1021, 1022 (7th Cir. 1987). After the filing of the lawsuit, the Defendant pleaded guilty to two (2) counts of mail fraud in violation of Title 18, United States Code, Section 1341. *Appley*, 832 F.2d at 1023. The Plaintiff then filed a motion for summary judgment, arguing that she was entitled to judgment as a matter of law due to the Defendant's guilty plea. *Id.* at 1024. The district court granted the summary judgment motion. *Id.* On appeal, the Court of Appeals for the Seventh Circuit discussed the doctrine of issue preclusion. To begin with, the court noted that issue preclusion "may be applied in civil trials to issues previously determined in a criminal conviction." *Id.* at 1025-1026. In addition, the court stated that "a criminal conviction based

upon a guilty plea conclusively establishes for the purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Id.* at 1026.[7]

Based upon the *Appley* decision, Mr. Jude is entitled to judgment on the pleadings against former Officer Schabel for his Title 42, United States Code, Section 1983 claim. The doctrine of issue preclusion may be applied in this case to issues previously determined in former Officer Schabel's criminal conviction. *See Appley*, 832 F.2d at 1025-1026. Former Officer Schabel's guilty plea to violating Title 18, United States Code, Section 242 conclusively establishes for the purposes of this case that he engaged in the criminal conduct for which he was convicted. *See id.* at 1026. Specifically, former Officer Schabel's guilty plea establishes the four (4) elements of the Section 242 violation: (1) former Officer Schabel's acts deprived Mr. Jude of a right secured or protected by the Constitution or laws; (2) former Officer Schabel's acts were committed under color of law; (3) Mr. Jude was an inhabitant of the State of Wisconsin; and (4) former Officer Schabel acted willfully. *See Senak*, 477 F.2d at 306 (setting forth the elements of a Section 242 violation). The first two (2) elements of former Officer Schabel's Section 242 violation are the same as the two (2) key elements of Mr. Jude's Section 1983 claim. *See Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004) (stating that the key elements of a Section 1983 claim are: "(1) a deprivation of a federally guaranteed right, (2) perpetrated under color of state law."). Thus, former Officer Schabel's guilty plea to the Section 242 violation establishes the elements of Mr. Jude's Section 1983 claim. *See Appley*, 832 F.2d at 1026. This Court

---

[7] It should be noted that the court of appeals reversed the district court's grant of summary judgment for two (2) reasons: (1) the judgment included a damage award despite the fact that the amount of restitution was not a material fact of the guilty plea and (2) there was a question as to the material fact of "enterprise" for the RICO claim. *Appley v. West*, 832 F.2d 1021, 1029 (7th Cir. 1987). These two (2) reasons do not preclude granting judgment on the pleadings for Mr. Jude in this case because (1) Mr. Jude is not requesting a judgment on the pleadings as to damages and (2) there are no issues of material fact with respect to Mr. Jude's Title 42, United States Code, Section 1983 claim.

should therefore grant Mr. Jude's Motion for Judgment on the Pleadings for his Section 1983 claim against former Officer Schabel.

## **CONCLUSION**

For the reasons set forth above, this Court should grant Mr. Jude's Motion for Judgment on the Pleadings for his Title 42, United States Code, Section 1983 claim against former Officer Schabel.

/s/ Jonathan S. Safran
Jonathan S. Safran
*SBN: 01000881*
Jerome A. Konkel
*SBN: 1000149*
SAMSTER, KONKEL & SAFRAN, S.C.
Attorneys for Plaintiff, Frank L. Jude, Jr.
1110 North Old World Third Street
Suite 405
Milwaukee, WI 53203
Phone: (414) 224-0400
Fax: (414) 224-0280
E-Mail: *jsafran@skslawyers.com*
E-Mail: *jkonkel@skslawyers.com*

Date: December 7, 2009