# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANK L. JUDE, JR.,**
        Plaintiff,

**STATE OF WISCONSIN DEPARTMENT OF
JUSTICE CRIME VICTIM COMPENSATION
PROGRAM and WISCONSIN DEPARTMENT
OF HEALTH AND FAMILY SERVICES,**
        Involuntary Plaintiffs,

   v.

**CITY OF MILWAUKEE et al.,**
        Defendants.

Case No. 06C1101

## ORDER

On December 7, 2009, pursuant to Federal Rule of Civil Procedure 56, plaintiff Frank Jude, Jr., filed a motion for partial summary judgment against defendant the City of Milwaukee ("the City"). In his motion, plaintiff argues that the City is liable for any judgment against defendant Joseph Schabel because Schabel was acting within the scope of his employment as a police officer for the City when he injured plaintiff. In a prior order, I ruled that responses to plaintiff's motion were due on or before February 15, 2010, and on that date both the City and Schabel filed their responses. However, Schabel's "response" was really a brief in support of plaintiff's motion, rather than a brief in opposition. The City has since moved to strike Schabel's "response" on the ground that it is not permitted by the Federal Rules of Civil Procedure and this court's local rules. As an alternative to striking Schabel's response, the City requests that it be granted leave to file a response to the matters raised in Schabel's brief. Both plaintiff and Schabel have responded to the City's

motion to strike. Although they oppose the City's request to strike Schabel's brief, they agree that the City should be granted leave to file a response to Schabel's brief.

Neither the Federal Rules of Civil Procedure nor the local rules of this court contemplate that one party can "join" another party's motion for summary judgment. Thus, if Schabel believes that he is entitled to summary judgment on the issue of the City's obligation to indemnify him, the proper procedure would be for Schabel to file his own motion for partial summary judgment on that issue. However, since the dispositive motion deadline has not yet passed, if I granted the City's motion to strike, Schabel would be free to re-file his "response" to plaintiff's motion as his own motion for partial summary judgment. Rather than follow that course and unnecessarily multiply the proceedings, I will allow Schabel's brief to stand and will grant the City leave to file a response to Schabel's brief. The City's response is due within thirty days of the date of this order. Further, the deadline for plaintiff to file a reply in support of his own motion will be extended until fourteen days after the City files its response to Schabel's brief.[1] Schabel will also be permitted to file a reply in support of his (and plaintiff's) motion for partial summary judgment, and that reply shall be due on the same day as plaintiff's reply brief.

**THEREFORE, IT IS ORDERED** that the City of Milwaukee's motion to strike is **GRANTED IN PART** and **DENIED IN PART**. Schabel's brief will not be stricken but the City may file a response to such brief within **30 days** of the date of this order. The deadline for plaintiff to file a reply in support of his own motion is hereby extended until **14 days** after the City files its response to Schabel's brief. Schabel may likewise file a reply

---

[1] Any comments that plaintiff wants to make about the City's response to Schabel's brief can be incorporated into plaintiff's own reply brief.

brief within **14 days** of the date on which the City files is response to Schabel's "response" brief.

Dates at Milwaukee, Wisconsin this 23 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge

3