**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**FRANK L. JUDE, JR., et al,**
    **Plaintiffs,**

 v.                 Case No. 06-C-1101

**CITY OF MILWAUKEE, et al.,**
    **Defendants.**

---

## DECISION AND ORDER

On December 7, 2010, I denied the City of Milwaukee's motion to quash plaintiff's subpoena for the deposition of Deputy Inspector Ramon Galaviz, a member of the Milwaukee Police Department. In opposing the motion, plaintiff filed his brief and affidavit under seal because the City had designated certain materials attached to the affidavit and referenced in the brief "confidential." The materials at issue are internal Milwaukee Police Department reports regarding a group of officers who call themselves "The Punishers," and deposition testimony about this group. The members of this group supposedly model their behavior after a fictional character known as "The Punisher," a former law enforcement officer turned vigilante. Several of the officers involved in the beating of plaintiff are believed to have been members of this group. Plaintiff filed the reports and deposition testimony about the Punishers in order to show that Deputy Inspector Galaviz – the recipient of the reports – has knowledge of facts regarding The Punishers, and thus likely has information relevant to plaintiff's claims.

Because documents filed with the court normally become part of the public record for the case, I ordered the City to show good cause for keeping the documents secret. See Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999).

In the City's response, it states that it has no objection to unsealing the documents but asks that the identities of certain officers mentioned in the reports and deposition testimony be redacted. The City submits that omitting the names of these officers will protect the officers' privacy and reputational interests. The reports identify several current and former MPD officers who relayed information about The Punishers to their commanding officer, and the City is concerned that if this information is made public the officers may be embarrassed or humiliated. The reports also identify a current MPD officer who has a tattoo of the Punisher logo on his upper arm – a tattoo that this officer considers embarrassing.

Although I seriously doubt that disclosure of the information contained in the sealed documents would interfere with any legitimate privacy or reputational interests, I also recognize that the officers' identities were in no way relevant to the issues raised in the motion to quash. What mattered was that the reports were written about The Punishers, were related to The Punishers' alleged involvement in the beating of Frank Jude, and were transmitted to Deputy Inspector Galaviz – thus making it likely that Galaviz had information relevant to Jude's claims. Allowing the reports and depositions to enter the public record with the names of the officers redacted would therefore not interfere with the public's right to know what the motion to quash was about or its right to assess my disposition of the motion. See Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) (stating that purpose of granting public access to materials relating to judicial determination is to allow public to know what the litigation was about and assess the court's disposition of it). Because the officer's names are irrelevant, I find that the City's concern for the privacy and reputational interests of its officers justifies the removal of the officers' names from the

public record for the time being. If in the future the officers' identities become relevant to matters in this suit, I will reassess whether they may remain confidential.

Accordingly, the Clerk of Court is directed to substitute redacted versions of Exhibits A through E to the Affidavit of Jonathan Safran for the versions currently on file. (The City has submitted a disk containing redacted versions of the relevant documents for the purpose of facilitating the substitution.) Once the substitution has been made, the Clerk shall unseal plaintiff's brief in opposition to the City's motion to quash (Docket #422) and the accompanying affidavit and exhibits (Docket #423).

**SO ORDERED** at Milwaukee, Wisconsin, this 29th day of December 2010.

/s_____
LYNN ADELMAN
District Judge