# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANK L. JUDE, JR., et al,**
        **Plaintiffs,**

v.                                                                     Case No. 06-C-1101

**CITY OF MILWAUKEE, et al.,**
        **Defendants.**

## DECISION AND ORDER

Defendant Andrew Spengler has filed a motion to dismiss plaintiff Frank Jude, Jr.'s claims against him for various reasons. The motion is frivolous, and I will only briefly explain my reasons for denying it.

First, Spengler argues that Jude's claim against him is a form of double jeopardy prohibited by the United States Constitution. However, the Double Jeopardy Clause bars only subsequent criminal prosecutions for the same offense. Hudson v. United States, 522 U.S. 93, 98-99 (1997). The present case is a civil case, not a criminal prosecution, and thus the Double Jeopardy Clause is not implicated.

Second, Spengler argues that Jude's claims are barred by the Rooker-Feldman doctrine because Jude seeks review of the state-court judgment acquitting Spengler of the charge of battery. However, the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Here, Jude was not a party to the state criminal proceedings, and thus he is not a state-court loser. Moreover, Jude is not complaining of injuries caused by the state-court

acquittal; he is complaining of personal injuries inflicted by Spengler himself. Thus, Rooker-Feldman is inapplicable.

Finally, Spengler argues that Jude lacks standing to bring his claims in federal court. In order to have Article III standing, a plaintiff must establish: (1) that the plaintiff suffered an injury in fact; (2) that the defendant caused the injury; and (3) that the injury is likely to be remedied by the relief the plaintiff seeks. E.g., Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273-74 (2008). Here, Jude easily satisfies these requirements. First, Jude alleges an injury in fact – the personal injuries he suffered on October 24, 2004. Second, Jude alleges that Spengler caused these injuries by participating in the beating and torturing that occurred on October 24, 2004. Third, Jude's injuries are likely to be remedied by the relief he seeks – monetary damages. Thus, Jude has standing to bring his claims against Spengler.

Spengler points out that the judgment against him in the federal criminal case required him to make restitution under the Mandatory Victims Restitution Act, and he believes that this somehow deprives Jude of standing. It does not. Although Spengler may believe that his restitution payments have fully compensated Jude for his injuries, Jude disagrees and is entitled to seek additional compensation through this lawsuit. Spengler also believes that because Jude alleges that the City of Milwaukee is liable for his injuries under a failure-to-train theory, Spengler cannot be considered a cause of Jude's injuries. However, there can be more than one cause of an injury, and multiple parties can be found jointly and severally liable for the same injury. Thus, Jude's claim against the City has no bearing on his standing to sue Spengler.

**THEREFORE, IT IS ORDERED** that Spengler's motion to dismiss is **DENIED**. Spengler is advised that if he files subsequent motions that I determine are frivolous, I will consider entering an order requiring Spengler to reimburse opposing counsel for the costs and attorneys' fees incurred in responding to the motion.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge