UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**FRANK L. JUDE, JR.,**
               **Plaintiff,**

     v.                                            Case No. 06-C-1101

**CITY OF MILWAUKEE, et al.,**
               **Defendants.**

## DECISION AND ORDER

Earlier this year, Frank Jude, Jr., and the City of Milwaukee reached a settlement in this excessive-force case and filed a stipulation of dismissal. On April 20, 2012, Jude filed a motion in which he seeks (1) relief from a confidentiality order entered during discovery in this case, and (2) permission to take possession of the exhibits from a federal criminal trial involving some of the defendants. This decision and order addresses Jude's motion and two related motions filed by pro se defendant Andrew Spengler.

**A.    Relief from Confidentiality Order**

On October 22, 2008, the parties stipulated that they would keep all "personnel records" produced by the City during the course of discovery confidential. I entered an order approving that stipulation on October 23, 2008. See ECF No. 248. The order stated that such documents "shall be used by the parties only for purposes related to the pending litigation." It also provided that if any of those documents were filed with the court, they would be filed under seal. The order noted, however, that documents filed with the court under seal would be made public unless the party seeking to maintain confidentiality showed good cause. The order also recognized that the parties reserved the right to seek removal of documents from the scope of the confidentiality order.

Over the course of four years, the City produced a large volume of documents that were covered by the confidentiality order—possibly tens of thousands of pages worth. See Jude Br. at 3, ECF No. 504. Very few of those documents were filed with the court.[1] Now that Jude has resolved his claims against the City, he is required by local rule to either return the documents to the City or destroy them. See Civil L.R. 26(e)(3). However, Jude—actually, Jude's lawyer—wants to keep the documents. Jude's lawyer states that he has other clients with claims against the City and that he would like to use the discovery produced by the City in this case in his other cases. He contends that there was never any good cause for keeping most of the documents confidential and that therefore he should be able to keep the documents and use them in other cases as he sees fit.

Jude's lawyer's motion will be denied. Now that this case is over (with the exception of cross-claims for indemnification, which do not concern Jude or his lawyer), the question of whether there was good cause for keeping the unfiled discovery materials confidential is moot. The good-cause requirement of Federal Rule of Civil Procedure 26(c)(1) and Civil Local Rule 26(e)(1) exists for the purpose of governing the discovery process in a specific lawsuit. See SeattleTimes Co. v. Rhinehart, 467 U.S. 20, 34 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). Thus, while the litigation was ongoing, Jude (and any other party) had the right to insist that the City show good cause for keeping the unfiled discovery materials confidential. As it happened, the parties agreed for purposes of expediting the litigation

---

[1]The parties filed some documents under seal in connection with a motion to quash in December 2010. However, after I ordered the City to show good cause for keeping the documents confidential, the City agreed that they could be made public so long as the names of third parties were redacted, and I concluded that there was good cause for redacting those names. See Dec. 29, 2010 Order, ECF No. 429.

that they would keep the City's unfiled discovery materials confidential without requiring the City to show good cause on a document-by-document basis. However, each party reserved the right to challenge the designation of any specific document as confidential should the need arise during the course of the litigation. (The need might arise if, for example, a party wanted to show the document to a third-party witness and that witness refused to comply with the confidentiality order.) Once the litigation ended, however, the need to use any document for purposes of the litigation evaporated, and so the question of whether there was good cause within the meaning of Rule 26 of the federal and local civil rules for interfering with a party's right to use the discovery materials became moot.

It is true that the good-cause requirement of Federal Rule of Civil Procedure 26(c)(1) also protects the public's right of access to judicial records, see Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944 (7th Cir. 1999), and that the public's right of access to judicial records does not evaporate once the underlying litigation is over. But the Seventh Circuit has held that the public has no right of access to unfiled discovery materials, Bond v. Untreras, 585 F.3d 1061, 1073 (7th Cir. 2009), and so the need to protect the public's right of access to judicial records does not require that I consider whether there was good cause for keeping the unfiled discovery materials confidential.

Jude's lawyer might argue that the good-cause question is not moot because he has an interest in using the unfiled discovery in his other cases. But the good-cause requirement is not intended to protect that interest. As discussed, the requirement protects a litigant's interest in prosecuting or defending his own case and the public's interest in access to judicial records. Because Jude's motion does not seek to vindicate either of those interests, there is no need to consume the parties' or the court's resources by going

3

through potentially tens of thousands of documents for the purpose of determining whether there was good cause for keeping them confidential.

## B.  Federal Criminal Trial Exhibits

Jude asks that, once the litigation concerning the cross-claims for indemnification are resolved, he be allowed to take possession of the exhibits from the federal criminal trial involving some of the defendants. Those exhibits are being held by the Clerk of Court pursuant to my order of November 21, 2010. See ECF No. 415. Because I see no reason to address this matter now, when litigation concerning the cross-claims is ongoing, I will deny this request without prejudice to its being renewed after the cross-claims are resolved.

## C.  Spengler Motions

Pro se defendant Andrew Spengler has filed two motions for sanctions against the plaintiff. Those motions are denied because the plaintiff has not engaged in sanctionable conduct.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion regarding confidentiality and the federal criminal trial exhibits (ECF No. 503) is **DENIED**.

**IT IS FURTHER ORDERED** that Andrew Spengler's motions for sanctions (ECF Nos. 515 and 521) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2012.

s/ Lynn Adelman  
LYNN ADELMAN  
District Judge