# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FRANK L. JUDE, JR.,**

**Plaintiff,**

**v.**                                                    **Case No. 06-C-1101**

**CITY OF MILWAUKEE, et al.,**

**Defendants.**

---

## DECISION AND ORDER

Plaintiff Frank Jude, Jr., filed this civil-rights action pursuant to 42 U.S.C. § 1983 against the City of Milwaukee ("the City") and several former City police officers (the "individual defendants").  His claims arose out of an October 24, 2004, incident in which the individual defendants severely beat and tortured him outside of the home of defendant Andrew Spengler.  Jude alleged that the individual defendants were acting within the scope of their employment as police officers when they committed those acts, and that therefore the City was liable for his damages under Wis. Stat. § 895.46(1).  The City denied that the individual defendants were acting within the scope of their employment, and for that reason it also refused to defend the individual defendants against Jude's § 1983 claims.  The individual defendants each filed cross-claims against the City under Wis. Stat. § 895.46(1), in which they sought indemnification and reimbursement of any attorney fees incurred in defending against Jude's claims.

Earlier this year, the City and Jude reached a settlement that resolved all of Jude's claims against all defendants.  However, the individual defendants' cross-claims against the City for reimbursement of the attorney fees they incurred in defending against Jude's claims prior to the settlement remain pending.  One of the individual defendants, Andrew

Spengler, who has been proceeding pro se, has filed a "motion for indemnification." <u>See</u> ECF No. 531. In that motion, Spengler argues that the City must reimburse him for $6,453.24 in attorney fees he paid to Susan Tyndall, an attorney who represented him in this case as to insurance-coverage issues. Since there is no such thing as a "motion for indemnification," I will construe Spengler's motion as one for summary judgment on the question of the City's liability for Tyndall's fees. <u>See</u> Fed. R. Civ. P. 56. I will construe the City's response to Spengler's motion as a cross-motion for summary judgment on the same issue. I consider these motions below.

Under Wis. Stat. § 895.46(1)(a), a municipality must indemnify and defend its officers and employees in any action based on acts committed within the scope of employment. The statute provides that if the municipality does not provide legal counsel to an officer or employee in such an action, it "shall pay reasonable attorney fees and costs of defending the action, unless it is found by the court or the jury that the defendant officer or employee did not act within the scope of employment." In the present case, no finding has been made on the question of whether Spengler was acting within the scope of employment, and the evidence in the record does not allow me to resolve that question in Spengler's favor. Thus, Spengler's motion for summary judgment must be denied.

The City does not argue that it is entitled to summary judgment on the question of whether Spengler was acting within the scope of employment. Instead, it argues that, even if he was, he is not entitled to reimbursement of the fees he paid to Tyndall. The City contends that such fees were not "reasonable" because they were incurred in furtherance of a frivolous legal position—namely, Spengler's position that American Family Mutual

2

Insurance Company had a duty to defend him in this action.[1]  However, I conclude that Spengler's coverage position was not frivolous.  A claim is frivolous if it has no reasonable basis, whether in fact or in law.  See, e.g., Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill., 424 F.3d 659, 675 (7th Cir. 2005).  The arguments that Attorney Tyndall made in support of Spengler's coverage position were reasonable, even though they did not carry the day.  The Wisconsin courts construe an insurer's duty to defend broadly, and whether such a duty exists depends on the allegations of the underlying complaint, which must be construed liberally.  See, e.g., Olson v. Farrar, 338 Wis. 2d 215, 228–29 & n.5 (2012).  Although the allegations in Jude's complaint relating to the officers who beat and tortured Jude would not have triggered a duty to defend, Jude also alleged that some of the individual defendants failed to intervene and stop the other defendants from continuing to harm him.  It was reasonable to argue that liability for such a failure to intervene would be an omission covered by a homeowners' policy.  Moreover, it was reasonable to construe the complaint as alleging that Spengler was liable for failing to intervene.  See Compl. ¶ 52.  Thus, the fees that Spengler paid to Tyndall were reasonable within the meaning of Wis. Stat. § 895.46(1)(a).

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Andrew Spengler's motion for indemnification (ECF No. 531) is **DENIED**.

**IT IS FURTHER ORDERED** that the City's implied motion for summary judgment regarding Spengler's cross-claim for indemnification is **DENIED**.

---

[1]The City does not dispute that the fees paid to Tyndall constitute fees incurred in "defending the action," within the meaning of Wis. Stat. § 895.46(1)(a).

Dated at Milwaukee, Wisconsin, this 20th day of November 2012.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge