UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANK L. JUDE, JR.,
    **Plaintiff,**

 v.                     Case No. 06-C-1101

CITY OF MILWAUKEE, et al.,
    **Defendants.**

---

## DECISION AND ORDER

Plaintiff Frank Jude, Jr., filed this civil-rights action pursuant to 42 U.S.C. § 1983 against the City of Milwaukee and several of its former police officers (the "individual defendants"). His claims arose out of an October 24, 2004, incident in which the individual defendants severely beat and tortured him outside of the home of defendant Andrew Spengler. Jude alleged that the individual defendants were acting within the scope of their employment as police officers when they committed those acts, and that therefore the City was liable for his damages under Wis. Stat. § 895.46(1). The City denied that the individual defendants were acting within the scope of their employment, and for that reason it also refused to defend the individual defendants against Jude's claims. The individual defendants each filed cross-claims against the City under Wis. Stat. § 895.46(1), in which they sought indemnification and reimbursement of any attorney fees incurred in defending against Jude's claims.

In 2012, Jude and the City reached a settlement, under which Jude released his claims against the individual defendants. Subsequently, the City and almost all of the individual defendants reached a settlement resolving the cross-claims for indemnification. The City, however, was unable to settle Andrew Spengler's indemnification cross-claim.

In a letter to the City, Spengler stated that he had incurred attorneys' fees in the amount of $6,453.24 and costs in the amount of $639.48 to defend against Jude's suit. See Lappen Aff., App'x p. 1, ECF No. 552-1. At the time the City received this letter, it was unwilling to pay the full amount that Spengler had claimed. Recently, however, the City changed its mind and decided to pay Spengler the full amount of his claim rather than continue litigating this case. On October 23, 2013, it sent Spengler a letter offering to pay him $7,092.72, the full amount of attorneys' fees and costs that he had requested in his cross-claim for indemnification. See Lappen Aff., App'x p. 2, ECF No. 552-2. Spengler rejected this offer, stating that it failed to account for a new claim that he seeks to have added to this suit. See Lappen Aff., App'x p. 5, ECF No. 552-5.

Spengler's proposed new claim arises out of the City's denial of his open-records requests in April and May of 2013. On June 20, 2013, Spengler sought leave to file a supplemental pleading, see Fed. R. Civ. P. 15(d), adding this claim to the case.[1] In the proposed supplemental pleading, Spengler alleges that the City's denial of his open-records requests deprived him of his rights under the Sixth and Fourteenth Amendments and that therefore the City and certain individuals involved in the decisions to deny the requests are liable for damages under 42 U.S.C. § 1983.

District courts have substantial discretion to deny leave to file a supplemental pleading, see Chicago Regional Council of Carpenters v. Village of Schaumburg, 644 F.3d

---

[1] In his motion, Spengler requested leave to "amend" his cross-claim under Federal Rule of Civil Procedure 15(a). However, because the proposed pleading relates to events that occurred well after the date of his original cross-claim, Spengler needs leave to file a supplemental pleading under Rule 15(d) rather than an amended pleading under Rule 15(a). Thus, I construe his motion as one for leave to file a supplemental pleading.

2

353, 356–57 (7th Cir. 2011), and it is clear to me that Spengler should not be allowed to add his open-records claim to this lawsuit. This lawsuit has been pending for more than seven years and involves matters that have no relation to the open-records claim that Spengler seeks to raise.[2] All of the matters in this case have been resolved except for Spengler's cross-claim for indemnification, and as I am about to explain that claim has been resolved too. It is simply too late in the case to allow a new, unrelated claim involving additional parties to be raised. Accordingly, Spengler's motion to file a supplemental pleading will be denied. If Spengler wishes to litigate his open-records claim, he must commence a separate suit. (I express no view on the merits of the open-records claim.)

So the only claim remaining in this suit is Spengler's cross-claim for indemnification. But in light of the City's offer to pay that claim in full, this case is moot. "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) (citation omitted). Accord Thorogood v. Sears, Roebuck and Co., 595 F.3d 750, 752–54 (7th Cir. 2010); Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012,1015 (7th Cir. 1999); Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994).

---

[2]The only possible connection the open-records claim might have to this case is that Spengler intended to use some of the records he requested during the trial of his indemnification claim. However, this connection is too remote to bring the claim within the proper scope of the present lawsuit. Moreover, as I am about to explain, the indemnification claim is now moot, so even the remote connection between the indemnification claim and the open-records claim no longer exists.

Accordingly, **IT IS ORDERED** that Andrew Spengler's motion for leave to file a supplemental complaint (ECF No. 544) is **DENIED**.

**IT IS FURTHER ORDERED** that Spengler's cross-claim for indemnification is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that the City's motion to dismiss Spengler's cross-claim (ECF No. 550) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Spengler's motion to file a sur-reply (ECF No. 559) is **DENIED** as moot.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment reflecting that Spengler's cross-claim has been dismissed and that this case is over.

Dated at Milwaukee, Wisconsin, this 5th day of February 2014.

        s/ Lynn Adelman

        LYNN ADELMAN
        District Judge